William Smith, Administrator of John Taylor, *against* Geo. Seaton.

*JOHN Taylor* declared in assumpsit against *George Seaton*, for money had and received, goods, merchandize, and lands sold, money lent, and paid and expended, and on an account stated. Plea, non assumpsit and issue. The Circuit Court, after the case was put to the Jury and the evidence for the plaintiff closed, on motion of defendant, ordered that the plaintiff be nonsuited. By the bill of Exceptions taken by the plaintiff, it appears that he proved that in settling with the defendant as to payments for two quarter sections of lands of the *United States* sold to him, a mistake occurred by which $96$\frac{96}{100}$ were allowed as paid by defendant to plaintiff as receiver of public monies in the land office at *Cahawba*, which should not have been allowed; and that the Circuit Court ordered the nonsuit on the ground that the evidence did not support the declaration. That the declaration should have set out the original contract and the numbers, &c. of the quarter sections.

*Taylor* having died, his administrator prosecuted a writ of Error to this Court, and assigned as Error the matter stated in the bill of Exceptions.

1. The Court; unless so directed by Statute, cannot order a nonsuit. 2. A public officer may recover in assumpsit for money had and received, money which by mistake he has acknowledged to have received in his official character.

Judge *Saffold* delivered the opinion of the majority of the Court.

On a judgment of nonsuit, not voluntarily taken, but as the act of the Court, a writ of Error lies. (7 John. R. 373. 11 John. R. 52—2d John. R. 9.) Our Statutes, directing that the plaintiff shall in certain cases be nonsuited, have no application to this case.

If the evidence shews a claim, irrelevant to the form of action or to the issue, it is competent for the Court so to instruct the Jury. But if the plaintiff appears, refuses to submit to nonsuit, and insists that the Jury shall render a verdict, the Court has no power to direct a nonsuit, and cannot enforce its opinion, otherwise than by instructions to the Jury, and by awarding a new trial if the verdict be contrary to the charge. If the Court admit improper testimony, an exception may be taken; but of the weight of evidence the Jury are exclusively the judges. (1 Wash. 87.)

In this case there does not appear to have been any contract for a payment at a future day, or any special agreement which might have rendered a special count necessary. The testimony was " that a mistake had intervened in the

" settlement." This language is inappropriate to a special agreement for any part of the purchase money. It should have been left to the Jury to determine whether it was not a contract for ready money, and a mistake made in computing the sum payable, or in counting it out, or in returning to the defendant money which he had paid. The official receipt of the receiver rendered the defendant as safe in his title to the lands and against the demand of the Government for the sum expressed in the receipt, and the officer as responsible to the Government as if he had actually received and improperly retained the money. It was immaterial to the defendant, and not for him to enquire whether the plaintiff had paid it over or not. From the well settled principles, regulating the action of assumpsit, we are of opinion that the evidence went to shew that the defendant had received money, which by the ties of natural justice and equity he was bound to refund, and to sustain the declaration.

The Chief Justice and Judges *Webb* and *Lipscomb* concurred.

Judge *Crenshaw*.—As it is my misfortune to differ from my brethren in this case, it becomes my duty to assign the reasons for my opinion.

It is clear that a special contract must be specially declared on. In other words, money due on a sale of land, which is a special contract, cannot be recovered on a declaration for money had and received, and money paid, laid out and expended. The action for money had and received lies where the defendant has received money of the plaintiffs, which in good conscience he is bound to refund; the action for money paid, where the plaintiff has actually paid money for the defendant and at his request. To sustain a count for either, it is, I think, essential that the money should have been actually received or actually paid; and that an undertaking or liability of the plaintiff to pay is not sufficient. In this case it could hardly be pretended that the defendant had received money for the plaintiff. The evidence shewed that the defendant owed to the plaintiff, or rather to the *United States*, this money as a balance for the land. Even admitting that it was money had and received, it was received not for the use of the plaintiff, but for the use of the *United States*. Was it then money paid by the plaintiff for the defendant, and at his request? It seems that by mistake *Seaton* had been credited on the books of the receiver of public monies, by this amount; and it is contended that the plaintiff, the receiver, had thereby become liable to the *Unit-*

*ed States* for the amount—admit it ; still his bare obligation or liability cannot amount to actual payment, and evidence of such liability was not admissible to sustain a count for money paid, laid out and expended. It is a rule of practice supported by the best authorities, as well as by good reason and policy, that when evidence relevant to the issue, and going to support the charge in the declaration, is given, however slight the evidence may be, the Court must leave it to the Jury to determine on its weight, and find their verdict accordingly. But where no evidence is offered, or the evidence offered is inadmissible, I understand that it is the correct practice to order a nonsuit. But it is said that unless in the cases especially provided for by Statute, the plaintiff cannot be nonsuited without his own consent. To this it may properly be answered, that the law implies his consent whenever he fails to produce any evidence to sustain his declaration, or relevant to the issue. I am therefore of opinion, that under this declaration the evidence was totally inadmissible ; and, as it might properly have been rejected, the Circuit Court did not err in ordering the nonsuit ; nor can I perceive what end of justice or good purpose would be answered by putting the parties to the delay and expense of a verdict and motion for new trial, if necessary, when the Court is satisfied that the plaintiff cannot recover. I think that the judgment should be affirmed.

Judgment reversed, and cause remanded.

*White* and *Gordon* for plaintiff, cited 1 Term, 176.   2 Bl. R. 1222—2 Term, 281.  1 Dall, 147—1 Term, 20—8 Term. 610.   Strange, 915.   2 Burr, 1005.

*H. Shortridge* for defendant.

Judge *Ellis* not sitting.