WILLIAM D. KING *et al. vs.* EUGENIA A. W. ROSS.

PROVIDENCE—SEPTEMBER 18, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Res Judicata.   Probate Appeals.*

A judgment relative to the next of kin of a decedent, rendered in a pro-
bate proceeding, is conclusive of the same question between the same
parties in a subsequent suit wherein there is identity of subject-matter,
parties, and quality of right.

BILL IN EQUITY to quiet title. Heard on motions of respondent, the grounds of which are fully stated in the opinion. Motions denied.

STINESS, J. This is a bill for quieting title to real estate in Newport. The complainants allege that they are the heirs of William H. King, deceased, and, as such, owners of the estate in fee simple; that the respondent had conceived a scheme to secure the estate of said William H. King to herself by setting up the claim that her uncle, Pelatiah W. Gordon, had assumed the name of said King and falsely impersonated him; that it was said Gordon who died possessed of the property, and that she, as his heir, was entitled to it. She has made four motions in this case: first, for a bill of particulars; second, for the production of a marble bust of William H. King; third, for the production of the original papers in a lunacy commission as to said King; fourth, for the production of certain papers said to belong to the files of a court in Mississippi.

The respondent's brief says: " The necessity for the granting of these motions grows out of the fact that this is essentially and above everything else a case of identity, involving a question as to which of the persons called William H. King was really the owner of the property described in the complainants' bill, and the information sought from the complainants by these several motions is necesssary to inform the defendant of the exact claim set up by the complainants in their bill."

The complainants object to the motions on the ground that the question of identity has been passed upon and settled by this court, as set out in the bill, by the decree of this court of September 21st, 1897, on the appeal of this respondent from the decree of the Probate Court of Newport. By the decree recited it was adjudged " that these complainants were and are the next of kin of said William H. King, deceased, and that the defendant was not and is not the next of kin of said deceased."

The respondent's answer admits the decree, but says that

she was not heard on the appeal because she had been adjudged in contempt of court, and was informed by the chief justice that she could not be further heard on that account, "and that he [the chief justice] would proceed *ex parte.*" This is clearly erroneous. The matter was before the full court and not before the chief justice, so that *he* could not proceed *ex parte.* As the point now in issue involves the record and action of the court, a review of what was done September 20th and 21st, 1897, will show that the respondent's right as next of kin of said William H. King was conclusively settled.

The court met at Newport on the 20th, at which time the appeal had been set down for trial. In anticipation of the trial, on July 26, 1897, upon a motion of the appellees, Mrs. Ross was ordered to file a bill of particulars of her pedigree and kinship to said William H. King, and on July 29, 1897, she filed a petition for the production of certain documents, and on August 7, 1897, she also filed a motion to vacate the order for a bill of particulars. At the session of the court on September 20th, 1897, the appeal being called for trial, this respondent brought up her bill for discovery, filed September 8, 1897, as a reason why she should not go on with her appeal until she had the discovery sought. The other side objected to her going on with the bill for discovery because she was in contempt of court, and the court held that if she was in contempt she could not ask the aid of the court in a bill for discovery while she refused to obey the order of the court to inform the parties of the nature of her claim by a bill of particulars ordered in the appeal. Her motion to vacate the order for the bill of particulars was then made to the full court and denied, and Mrs. Ross was adjudged to be in contempt for non-compliance with said order. The appeal being then on for trial, her counsel said they would be ready the next morning, whereupon the court adjourned. The next day, September 21, Mrs. Ross's counsel moved orally for leave to discontinue her appeal, to which the appellees objected. Gen. Laws, cap. 243, § 4, reads: "The plaintiff or appellant in any cause shall not have the right to become

nonsuit, or to discontinue the cause, after the trial of the same shall have been begun to the court or jury; but the cause shall, in the discretion of the court, proceed, and the decision of the court or verdict of the jury shall be taken therein, whether the plaintiff or appellant shall appear or not: *Provided, however*, that the cause, by consent of all the parties thereto, may be discontinued at any time."

The court held that under this statute the appellant could not discontinue her appeal, except by consent, as the cause had been regularly called for trial, and the trial had begun, by the hearing of motions for postponement therein made and by a motion to discontinue the appeal.

The counsel for the appellees then insisted upon going on with the trial of the appeal, but the senior counsel for Mrs. Ross objected, until it should appear by an order that the motion to discontinue had been denied. He then filed the motion in writing with an order denying the same, drawn by himself, which order was entered.

It was fully conceded by the counsel for the appellees that the appellant could be heard on the merits of the appeal, even though she had not filed the bill of particulars, if the appellees were willing to go on without it, and the court stated that she could be heard on the appointment of an administrator. The appellees were not only willing to go on without the bill of particulars, but earnestly urged an immediate trial of the appeal. The court held that the appellees were entitled to a hearing at that time, and thereupon the counsel for Mrs. Ross retired from the court-room and the trial proceeded upon testimony offered by the appellees, according to the usual course in such cases, upon which a decree was entered sustaining the decree of the Probate Court. The issue was the same as that now raised; the appellant, having raised the issue by her appeal, was bound to maintain it, and, having failed to do so, the decree on the appeal is conclusive of the identity of William H. King, his next of kin, and their right to administration upon his estate. It is, therefore, conclusive of the claims set up by this respondent on the four motions submitted in this cause.

(1)    The rule of *res judicata*, as applicable to this case, is too familiar for discussion.    We have stated at length the proceedings from the record, with our own knowledge of what took place, in order that the application of the rule may plainly appear.    See also rescript in this appeal filed June 26, 1898.    There is identity of subject-matter, of parties, and of quality of right.    This respondent had full opportunity to maintain her appeal by showing that these complainants were not the next of kin of the deceased, and it was not only her right but her duty to do so.    She was in no way deprived of this right, as is evident from the fact that a postponement of the hearing was granted to her until the next morning, when her counsel said they would be ready to proceed.    As she then offered no evidence in support of her claim, and the appellees offered satisfactory evidence of the identity of the deceased and of their kinship, the issue was decided against the appellant, now the respondent.    Such a judgment against her in a probate proceeding is conclusive of the same question between the same parties in a subsequent suit.    *Caujolle* v. *Ferrie*, 13 Wall. 465.    See also *Veach* v. *Rice*, 131 U. S. 293; *Comstock* v. *Herron*, 55 Fed. Rep. 803.

Decisions of this court to the same effect are found in *Curry* v. *Swett*, 13 R. I. 476; *Hicks* v. *Aylsworth*, 13 R. I. 562; *Loring* v. *Arnold*, 15 R. I. 428; and *Thornton* v. *Baker*, 15 R. I. 553.

As the avowed purpose of the four motions before us is to re-open issues already settled and concluded by the decree on the respondent's appeal, they are denied and dismissed.

*William P. Sheffield, George L. Rives, Grover, Sweezy & Grover, and William G. Roelker,* for complainants.

*Michael W. Callaghan and John J. Hemphill,* for respondent.