# Roy *v.* Louisville & Nashville Railroad Company.

## *Assumpsit.*

(Decided December 4, 1913.   63 South. 772.)

1. *Dismissal and Non-Suit; Grounds; Refusal to Answer.*—Where the plaintiff refused on cross-examination to answer a proper question as to whether in his best judgment he signed a written contract for the performance of work, which contract was exhibited to him, the court had jurisdiction to grant a non-suit having the effect of a dismissal, on motion of defendant's counsel, nor was such jurisdiction affected by the fact that the court was also authorized to punish plaintiff for contempt under sections 4630, 4632 and 6693, Code 1907.

2. *Same; Appeal from; Review.*—Where the appeal is from a non-suit entered because of plaintiff's refusal to answer a proper question required by the court to be answered, the review will be limited to a determination of whether the non-suit was properly entered, and

the appellant is not entitled to review the court's ruling on the pleading, as section 3017, Code 1907, applies only to cases where appeals are taken from judgments of non-suits which have become necessary on account of some adverse ruling or decision of the trial court, either on the pleadings, admission or rejection of evidence, or charge to the jury.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Assumpsit by P. H. Roy against the Louisville & Nashville Railroad Company. From a judgment of non suit, plaintiff appeals. Affirmed.

PINKNEY SCOTT, for appellant. The appellant is entitled to have the court pass upon the ruling of the trial court in sustaining demurrers to his general and special replication to the pleas.—*Richard v. Sweeney,* 109 Ala. 651; *Bank v. Baker Hill,* 108 Ala. 635. Counsel then insists, with citation of authority, that these several rulings were incorrect. The court was in error in non-suiting the plaintiff against his objection, but should have punished him for his contempt.—*Hunt v. Stewart,* 7 Ala. 526; *Smith v. Wooding,* 20 Ala. 328; *Tate v. Mc-Crary,* 21 Ala. 499.

TILLMAN, BRADLEY & MORROW, and .E. L. ALL, for appellee. This cause is not governed by section 3017, Code 1907, and appellant is entitled to have a review only of the correctness of the ruling of the court in non-suiting him for refusal to answer proper questions. It was in the discretion of the court to take the course taken in non-suiting plaintiff, or in continuing the case, and punishing plaintiff for contempt for failure to answer, and no abuse of his discretion is shown.—*Kelly v. Horsely,* 147 Ala. 508; *Drake v. First Nat. Bank,* 7 Pac. 222; *Moore v. Thompson,* 70 Pac. 930; 58 Atl. 15; 52 Atl. 584; 59 S. E. 425; 47 S. E. 542. The term non-suit is not an accurate designation of the termination of this

[Roy v. Louisville & Nashville Railroad Company.]

proceeding, the court simply refusing to proceed until plaintiff complied with its orders.

THOMAS, J.—In this case the plaintiff, as a witness on the stand for himself, refused on cross-examination to answer a fair and lawful question propounded to him by defendant's counsel with respect to a matter material to the issues in the case. The plaintiff had brought suit on the common counts for work and labor done, and the defendant set up in his pleas that the work and labor had been done under a special contract in writing (which plaintiff denied) and a breach of same by plaintiff. On cross-examination of the plaintiff as a witness for himself, this alleged contract was, by defendant's counsel, handed him (the plaintiff), who could read and write, and he was asked if he signed or executed it. Upon his answer to the effect that he did not know, he was asked what was his best judgment as to the matter. Several closely typewritten pages of the bill of exceptions are devoted to his skillful evasion of an answer to this question, successfully combating, as he did, both defendant's counsel and the trial judge, who evidently most patiently and painstakingly, by every fair means, endeavored to induce him to make a proper answer, one way or the other, as to his best judgment. Finally the judge announced that, unless the question were answered, he would (defendant's counsel having made a motion to that end) nonsuit the plaintiff. This failing to evoke an answer from the witness as to his best judgment, the court entered an order of nonsuit and terminated the case, to which action plaintiff's counsel excepted, assigning it here as error.

This action of the court in nonsuiting the case and thereby in effect staying the plaintiff from proceeding with his cause until he is willing to obey the proper or-

der of the court made in the progress of the cause and necessary in the ascertainment of truth and in the administration of justice between the parties is certainly the most orderly and effective method of accomplishing the result desired and of protecting the dignity of the court. Section 4630 of the Code, defining contempt, declares (among other things) it to be such for a person to "refuse to be sworn, or to answer, either in the court or before the grand jury, any lawful question as a witness or garnishee." Sections 4632 and 6693 of the Code authorize a city court, as this is, to inflict as a punishment for contempt a fine of not exceeding $50 or an imprisonment of not exceeding five days; but we do not construe this statute as being intended to or as operating to deprive the court of its inherent common-law power to dismiss or nonsuit a case when the witness in contempt is the plaintiff himself in that case and where the contempt consists, as here, of a refusal to obey a proper order of the court, which refusal prevents the trial from proceeding. By the bringing of the suit the plaintiff had invoked the jurisdiction of the court to hear and determine his cause; and, if by his own act he subsequently renders it impossible for the court to proceed with such determination, the court must of necessity have the power of, in some way, disposing of the case and getting it off of the docket without an adjudicaton.

The practice has been uniform in this state, when a plaintiff brings a suit and fails to appear at court to prosecute it, for the court to dismiss it for want of prosecution; and it seems clear to us that a plaintiff who appears and willfully fails at any stage of the trial to proceed, when so ordered by the court, is in no better position than a plaintiff who entirely fails to appear. If, in the present case, the order entered by the court should have been one of dismissal instead of one of non-

suit (which question it is unnecessary to decide), the error was without injury, as a nonsuit in this case amounted in effect to no more than a dismissal.—Code, § 5353; *Stewart et al. v. Ross,* 58 Ala. 264. In 14 Cyc. p. 443, it is said: "An action may be dismissed or a nonsuit granted for failure of plaintiff to prosecute it with due diligence." In 6 Ency. Pl. & Pr. p. 919, we find this text: "A nonsuit may be granted at law or a bill in equity dismissed by the court on motion of defendant for a failure of the plaintiff to obey an order properly made in the cause." And again in 14 Cyc. p. 432, it is said: "Disobedience of an order of court is usually a sufficient ground for nonsuit, dismissal, or nonprosequitur." The cases of *Hunt v. Stewart,* 7 Ala. 526, *Smith v. Wooding,* 20 Ala. 328, *Tate v. McCrary,* 21 Ala. 499, *Saunders v. Coffin,* 16 Ala. 421, and *Smith v. Seaton,* 1 Minor, 75, cited by appellant, while broadly declaring (some of them) that "the courts of this state have no right to order a nonsuit against the wishes of the plaintiff," yet, when construed with reference to and in the light of the state of facts dealt with in those cases, respectively, show clearly that in making such declaration the court only intended it to have application to the class of cases with which it was dealing, none of which involved the entering of a nonsuit because of a contempt on the part of plaintiff, a disobedience to the order of the court, or a failure to prosecute, but all being cases where nonsuits were entered by the court on account of the insufficiency of the evidence, introduced by plaintiff, to support a verdict, or for like reasons.—*Luke v. Calhoun County,* 56 Ala. 415. Hence we do not regard either of these cases as authority against the conclusion we here reach that the court in the case at bar had authority to enter a dismissal or nonsuit, since the nonsuit in this case was equivalent to only a dismissal.—Code, § 5353;

*Stewart v. Ross, supra.* The fact that plaintiff's counsel, after defendant's counsel and the court had spent some time without avail in endeavoring to get plaintiff to answer to his best judgment as to whether or not he signed the contract mentioned, offered to admit that plaintiff did sign it was not sufficient to relieve the requirements of the situation. The defendant had a right to have plaintiff himself state on cross-examination whether or not he executed this contract, which he denied by his plea, or his best judgment as to whether he did or not, if he was unwilling to answer positively. If he had answered that he did not, or that it was his best judgment that he did not, and defendant were subsequently to prove that he did sign it and that to the satisfaction of the jury, it would materially affect plaintiff's credibility not only on this but the other issues of fact on which he testified.

The plaintiff also assigns as error and seeks to obtain on this appeal a review of the rulings of the trial court on the pleadings. This cannot be done. The statute (Code, § 3017) authorizes such a review only in cases of appeals from judgments of nonsuit where it became necessary for the plaintiff to take the nonsuit and he did take it on account of some adverse ruling or decision of the trial court, "either upon the pleadings, admission, or rejection of evidence or upon charges to the jury."— *Tate v. McCrary*, 21 Ala. 499. The statute has no application to an appeal from a nonsuit entered as here, by the court of its own motion, or rather on the motion of the opposing party. The extent of the review in such cases is to ascertan if the nonsuit was properly or improperly entered.—*Smith v. Seaton*, 1 Minor, 75. If it was properly entered, an affirmance on appeal fully puts the case out of court. On the other hand, if such nonsuit was improperly entered, a reversal on appeal

restores the case to the docket of the trial court for future trial, wherein the plaintiff may win on the merits, notwithstanding the previous adverse rulings of the trial court on the pleadings, and wherein, even if he loses, the proper time to review such rulings on the pleadings would be on appeal from the final judgment rendered against him on such subsequent trial, or from a nonsuit then taken by the plaintiff himself on account of such adverse rulings on the pleadings.—Code, § 3017.

The judgment of the lower court in nonsuiting the plaintiff is affirmed.

Affirmed.