# Marx, *et al. v.* Barbour Plumbing & Elec. Co.

## *Assumpsit.*

(Decided February 12, 1914.   64 South. 645.)

1. *Dismissal and Non-Suit; Default; Setting Aside.*—Where counsel for plaintiff was engaged in the trial of cases in another court when its case was called for trial, and dismissed for want of prosecution, and had endeavored to inform the court through its clerk of his situation, and on the motion to set aside the dismissal showed that plaintiff had a meritorious cause of action, the court might grant a motion to set aside the dismissal and restore the case to the docket for trial, in the exercise of its sound discretion.

2. *Appeal and Error; Judgment to Support; Review.*—An appeal will not lie from an order setting aside a former order of dismissal for want of prosecution, under section 2846, Code 1907, as amended by Acts 1911, p. 198; however, where the court sets aside an order of dismissal for failure of prosecution and restores the cause to the docket for trial, such order and ruling will be reviewed on appeal from the final judgment rendered.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Assumpsit by the B. F. Barbour Plumbing & Electric Company against Fannie Marx and another. There was judgment of dismissal for want of prosecution, and on motion such judgment was set aside, and the cause restored to the docket for trial, and defendants appeal. Appeal dismissed.

Z. T. RUDOLPH, for appellant. The motion stated no sufficient grounds nor good cause for setting aside said judgment of dismissal, and the action of the court was

[Marx, et al. v. Barbour Plumbing & Elec. Co.]

duly excepted to by the appellants.—Civil Code 1907, § 4145; *McLeod v. Shelby Improvement Co.*, 108 Ala. 81. The said motion stated no cause of unavoidable absence of plaintiff's attorneys.—*McLeod v. Shelby Imp. Co.*, *supra*. Said motion failed to state that plaintiff had a meritorious cause of action duly verified thereto.— Circuit Ct. Rules No. 22, Civ. Code; *McLeod v. Shelby Imp. Co.*, *supra.*, 81.

THOMPSON & THOMPSON, and GUY M. THOMPSON, for appellee. The insistence of counsel for appellant is not sufficient to call for a review of his assignments of error.—*L. & N. v. Morgan*, 114 Ala. 449; *Ward v. Hood*, 124 Ala. 590; *Dickens v. Dickens*, 56 South. 812; *Carbon Hill v. Cooper*, 57 South. 81. The judge was in the exercise of his sound discretion in granting the motion to set aside the dismissal, and in restoring the cause for trial, and such exercise of discretion is not revisable unless shown to have been abused.—*Allen v. Lathrop, et al.*, 90 Ala. 490; *Trust v. B'ham L. Ry.*, 96 Ala. 316; *Leadbetter v. Vinton*, 108 Ala. 644. The action of the trial judge setting aside the dismissal will not support an appeal, but such action may be reviewed on appeal from final judgment.

PELHAM, J.—The distinction between the case of *McLeod v. Shelby Iron Co.*, 108 Ala. 81, 19 South. 326, cited by appellants, and relied upon as authority for reversing this case, and the instant case, is that in the former case there was an affidavit on file before the trial court on the hearing of the motion for a new trial that was not controverted, showing that the counsel in that case "could have been present at the court when the case was reached if he had availed himself of the ordinary and usual mode of travel," that he failed to

avail himself of the means at hand; and it was held
that this dereliction to duty in failing to use ordinary
care and due diligence in being present at the trial was
not the exercise of that diligence exacted by the law at
the hands of one asking for a new trial based on the
ground of his absence from the court at the time the
case was tried and judgment rendered aginst the party
represented by him. In the case under consideration
it was shown to the court on the hearing of the motion,
without contradiction, that counsel was unable to be
present because, at the time the case was called for
trial and dismissed, he, and each member of the firm,
was actively engaged in the trial of cases in other courts
being held in the city of Birmingham. Upon this show-
ing being made, and the court being further apprised
of the additional fact that counsel had endeavored to
have the court informed of the situation before the case
was called and dismissed, by communication through
the clerk of the court, and upon the further showing
that the plaintiff had a meritorious cause of action, the
court, in the exercise of a sound discretion, and prob-
ably not unmindful of the fact that courts should not
favor the dismissal of cases, thereby denying to the par-
ties litigant the right to adjudicate their differences,
and have their rights passed upon in the courts, grant-
ed the appellee's motion to set aside the former order
of dismissal, and restored the case to the docket for
trial on its merits.

We have considered the question undertaken by ap-
pellant to be presented, and have pointed out and dis-
cussed the plain distinction and difference between the
case cited by appellants (*McLeod v. Shelby Iron Co.,
supra*) and the case under consideration; but in our
opinion the language of the statutes authorizing an ap-
peal from an order or judgment refusing or granting a

new *trial* cannot be made to apply to a case like this, where there has in fact been no trial of the cause, but only an order of dismissal for want of prosecution, which was subsequently set aside at the same term of the court, and that the appeal must be dismissed, as no appeal lies from the order setting aside the former order of dismissal for want of prosecution.—Code, § 2846; Acts 1911, p. 198; *Truss v. Birmingham, etc., R. R. Co.,* 96 Ala. 316, 11 South. 454; *Haygood v. Tait,* 126 Ala. 264, 27 South. 842; *Ledbetter & Co. v. Vinton,* 108 Ala. 644, 18 South. 692; *Western Ry. of Ala. v. Wallace,* 170 Ala. 584, 54 South. 533.

The order restoring the case to the docket may not result in a judgment against the defendant on the merits, and, even if so, the proper time to review such a ruling would be on appeal from the final judgment.— *Roy v. L. & N. R. R. Co.,* 9 Ala. App. 377, 63 South. 772. Moreover, the order granting the motion, and reinstating the case to the docket, was made conditional on the payment by the movement (appellee) of certain costs, and for aught appearing to the contrary, as shown by the transcript, the condition precedent to granting the motion has never been complied with, and the original judgment remains intact.

Appeal dismissed.