## FANNIE FREEDMAN *vs.* GIBSONS INCORPORATED.

### APRIL 22, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action of the case for negligence to recover for personal injuries allegedly suffered by the plaintiff because of the presence of foreign substances in an ice-cream soda served to her by the defendant. The trial justice in the superior court granted the defendant's motion for

a directed verdict and the case is before us on the plaintiff's two exceptions to such ruling and to the court's refusal to grant the plaintiff's motion for a voluntary nonsuit.

The record and the transcript disclose that the case was pending for trial in the superior court about eighteen months. After many assignments without obtaining a trial, the case was transferred to the continuous trial-calendar, where it was called ready for trial on Friday, May 7, 1937. A continuance for the plaintiff was requested by her attorney because she claimed her physical condition prevented her appearance in court. No physician's certificate to that effect was presented in accordance with the rule of court and no motion was made for an examination by any physician. Apparently her physician had not seen or attended her for several months because she had not cooperated with him.

It was not disputed that she was not confined to her home and evidence was available that, alone or with others, she had been visiting the defendant's store to have lunch, sodas and the like once or twice weekly for the preceding several months.

The defendant objected to a further continuance, because apparently a continuance for similar reasons had been obtained a year previously. Thereupon a continuance was denied, the case was called ready for trial, the jury was impaneled and the plaintiff's attorney made his opening statement. Upon request of the plaintiff's attorney, to provide an opportunity for him to arrange for the presence of expected witnesses, the case was adjourned to the following Monday. The plaintiff's attorney thus had time to consult further with the plaintiff, her former physician, and the other witnesses.

However, when the trial was resumed on Monday, the transcript shows the plaintiff's attorney made the following statement: "Your Honor please, I want the record to show that I personally have been in control of this case since its inception in this Court. My own record will show the efforts on my part to produce the medical certificate required to

have this case passed, with the facts which had been represented to me. I want the record to show that I have received no cooperation from my client, or witness, in this case. I did confidently hope that the other witness, whom I have in the case, could be produced in the morning. The Doctor is now, and has been, willing to come to Court at all times in this case, but naturally his testimony concerns the damages only. I, therefore, would like to move at this time, Your Honor please, for leave to withdraw as attorney for the plaintiff in this case."

The defendant declined to agree to pass the case and the court thereupon refused to permit plaintiff's counsel to withdraw. Plaintiff's attorney then moved "that the plaintiff be nonsuited" and, in denying this motion, the trial justice said: " . . . I am convinced there has been a great lack of cooperation on the part of the plaintiff, and the Court appreciates the efforts being made for her by her counsel. Whatever may be the result of her failure to appreciate the services which Mr. McOsker is attempting to render her, and whatever may be the result of her lack of cooperation, must be placed entirely at her own door." He also stated that even if the Court had discretion under the statute to grant a nonsuit, "from the history of this case, it seems to me that no real good could be accomplished by granting the nonsuit. It would result only in a further delay. The defendant has a right, also, to have this case concluded one way or the other."

When the plaintiff's attorney failed to introduce any evidence, the defendant rested its case and moved that a verdict be directed in its favor. This motion was granted by the trial justice, to which ruling the plaintiff duly excepted.

The plaintiff's first exception, to the refusal of the trial justice to grant her motion for a voluntary nonsuit, is without merit. Under the practice and statute of this state a plaintiff in a cause may not become nonsuit on his own motion and as a matter of right, after trial of the same shall have been begun to the court or jury. G. L. 1923, chap. 341,

sec. 4. The trial of the instant case had been begun to the jury and therefore the motion of the plaintiff thereafter to become nonsuit was not available to her. *King* v. *Ross,* 21 R. I. 413, 416, 45 A. 146.

But the plaintiff by her second exception contends substantially that this chapter requires the defendant in these circumstances to present its own testimony before it may be entitled to the advantage of a directed verdict. This contention is refuted by the language of the statute, sec. 4 of which reads as follows: "Sec. 4. The plaintiff or appellant in any cause shall not have the right to become nonsuit, or to discontinue the cause, after the trial of the same shall have been begun to the court or jury; but the cause shall, in the discretion of the court, proceed, and the decision of the court or verdict of the jury shall be taken therein, whether the plaintiff or appellant shall appear or not: *Provided, however,* that the cause, by consent of all the parties thereto, may be discontinued at any time."

The burden was upon the plaintiff to establish the essential elements of her declaration and nothing in the language of this section requires that the defendant must help her to prove her case if the plaintiff, as here, wholly fails and refuses to proceed at all. The above language that a "verdict of the jury shall be taken therein, whether the plaintiff or appellant shall appear or not" makes it clear that the statute intended the cause to proceed in such circumstances to a final decision or verdict rather than to a nonsuit. A verdict by direction of the court is none the less a verdict of the jury.

Nor does the case of *Cranston Print Works* v. *American Tel. & Tel. Co.,* 43 R. I. 88 bear out the plaintiff's interpretation of it or of the statute. In that case there was testimony of both plaintiff and defendant before the court when the defendant moved for a direction of verdict. Evidently in answer to a contention that only the plaintiff's testimony was to be considered upon such a motion, the court correctly observed: "The court is now, on this motion to direct a

verdict, bound to consider all of the testimony and not simply plaintiff's testimony. The defendant is entitled to have the cause proceed to a final decision, to have a verdict on the case as *submitted by both parties.*" (italics ours)

That is far from saying that, if the plaintiff utterly fails to offer any testimony to establish any of the essential elements of her case, and by her conduct refuses to proceed with her case after trial has been begun, then the defendant must present its testimony before the court can grant a motion to direct a verdict.

No case has been submitted by the plaintiff nor has any come to our attention which contains similar facts and which supports the contention of the plaintiff. On the other hand, several cases from other jurisdictions have come to our attention in which a motion to direct a verdict or its equivalent, as a final determination of the case, has been considered proper in circumstances and upon principles of law which, in our opinion, are applicable to the instant case. See *Cavanagh* v. *O'Connor,* 194 Ia. 670; *Ordway* v. *Boston & Maine R.,* 69 N. H. 429; *Gaines* v. *Chicago Rys. Co.,* 255 Ill. App. 30; *Roy* v. *Louisville & Nashville R. Co.,* 9 Ala. App. 377; *Osborne* v. *Kline,* 18 Neb. 344.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Fergus J. McOsker,* for plaintiff.

*Henshaw, Lindemuth & Baker,* for defendant.