Because I would dismiss the appeal on the ground that Ala. Code 1975, § 12-22-10, requires that the appeal be taken from the judgment granting the defendant's motion for a new trial, and not after the judgment in the second trial, I respectfully dissent; and because I dissent on this procedural ground, I would not reach the merits of the appeal.
If we assume that the original post-trial motion for a new trial, pursuant to Rule 59, A.R.Civ.P., was amendable to include the "newly discovered evidence" ground, it is beyond debate that § 12-22-10 (authorizing an appeal from an "interlocutory order granting a new trial") is applicable; thus, this appeal is untimely. However, for the purposes of my dissent, I will assume that the trial court properly redesignated the post-trial motion, on which he granted a new trial, as a Rule 60(b) motion.
At the outset, it should be observed that the question is not whether the granting of a new trial is an interlocutory order, for, indeed, all orders granting new trials are interlocutory. Rather, the question is whether § 12-22-10 is equally applicable to a "new trial" order, whether it is rendered pursuant to Rule 59 or pursuant to Rule 60, where the order is rendered after a trial of fact has been held. I find nothing in our rules of procedure (civil or appellate), either in their literal language or in the spirit of the rules, that restricts the application of § 12-22-10 to Rule 59 "new trial" orders. To be sure, almost from the inception of this statute, our case law has differentiated between a "new trial" order following a fact trial and an order granting a trial after an initial summary disposition without a trial (e.g., default judgment).Baggett v. Alabama Chemical Co., 156 Ala. 637, 47 So. 102
(1908); Mobile Light R.R. v. Hansen, 135 Ala. 284, 33 So. 664
(1903); and Marx v. Barbour Plumbing Elec. Co., 10 Ala. App. 404,64 So. 645 (1914). The rationale for this distinction is both obvious and sound, and it should be maintained: Until there has first been a trial, the statute authorizing an appeal from the granting of a "new trial" is simply not invoked and the interlocutory nature of such summary dispositions will not permit appellate review. *Page 385 
Here, there has been a trial. After trial and in response to a post-trial motion, the trial court granted a new trial. Not only does § 12-22-10 permit an appeal at this point, without waiting until after the second trial, but, in my opinion, because an appeal is authorized from such an interlocutory order, the nonprevailing party must exercise the right of appeal or, by failing to do so, waive any alleged error in the original trial and post-trial proceedings.
Although, in the present case, if the appellate court affirms the judgment (as indeed it does), the application of the right-of-appeal statute would nonetheless result in a second trial. In the typical case, an earlier appeal may be dispositive of the case and totally avoid a second trial. Indeed, this is the spirit of the statutory right of appeal from the interlocutory order granting a new trial. The rejection of this "judicial economy" tool is incompatible with the philosophy of the current court to foster time standards and caseload reduction programs. For an excellent example of the futility of requiring a second trial before permitting appellate review of alleged error in the first trial, see Lowev. General Motors Corp., 624 F.2d 1373 (5th Cir. 1980). (There is no federal statute authorizing an appeal from the granting of a new trial, and, by its opinion today this Court rejects the Alabama statute's application to a Rule 60 new trial, even in the context of an initial full trial on the facts.)