Wessex House of Jacksonville, Inc. ("Wessex House"), appeals from an order of the Calhoun Circuit Court entered on February 25, 2004, setting aside the court's prior order of January 22, 2004, which had dismissed the case filed against Wessex House by "Comer Kelley by and through his next . . . friend, Larry Kelley."[1] We are constrained to dismiss the appeal because it is taken from a nonfinal order, which will not support an appeal. Because that determination is based on an analysis of the procedural implications of various steps taken by the parties and the trial court and because we have previously denied Wessex House's separately filed petition for a writ of mandamus challenging the February 25, 2004, order, Ex parte Wessex House
(No. 1031039, June 14, 2004), ___ So.2d ___ (Ala. 2004) (table), we offer the following explanation:
Comer Kelley's lawsuit arose out of an injury he alleged he had experienced while a patient in a nursing home operated by Wessex House. Wessex House moved to compel arbitration of the dispute, and the trial court granted its motion on January 4, 1999, placing the case on the court's administrative docket pending the outcome of the arbitration and stating that "[t]he parties are ordered to comply with the arbitration agreement executed by said parties and [Kelley] shall initiate arbitration proceedings on all claims made against [Wessex House] within thirty (30) days from the date of this order or this case shall be dismissed with prejudice." On February 1, 1999, Kelley filed a motion to vacate the order and to strike or deny Wessex House's motion to compel arbitration and submitted a lengthy memorandum brief in support of his motion. Related procedural maneuvering by the parties ensued, *Page 228 
and a previously ordered stay on discovery was "lifted" for certain purposes. After Wessex House filed a lengthy response to Kelley's motion, a lull in court filings ensued, other than a motion to substitute Larry Kelley as the plaintiff upon Comer Kelley's death (see note 1), and no ruling was ever entered on Kelley's motion.
Finally, on May 9, 2001, Wessex House filed a motion asserting that Kelley had never initiated arbitration as ordered and arguing that a dismissal of his case against it was therefore required. Wessex House took the position that the order of January 4, 1999, had been self-implementing and effected a dismissal of Kelley's action following Kelley's failure to initiate arbitration within 30 days of the order; Wessex House argued that the trial court lacked authority to reconsider that order, but argued alternatively that should the court "choose not to enforce its prior dismissal" under the terms of its earlier order, it nonetheless should dismiss the action for failure of Kelley to prosecute it. On January 22, 2004, the court entered an order granting Wessex House's motion and declaring "[a]ll claims in this cause of action are hereby dismissed." On February 11, 2004, Kelley filed a motion to alter, amend, or vacate the dismissal order. Finally, on February 25, 2004, the trial court entered the order Wessex House now attempts to challenge by appeal. That order reads:
 "UPON CONSIDERATION of [Kelley's] Motion to Alter, Amend or Vacate the Court's Order of January [22], 2004, it is hereby ORDERED, ADJUDGED and DECREED as follows:
"1. Said Order is SET ASIDE.
 "2. [Kelley's] Motion to Vacate Order Entered Without Opportunity for Objections or Hearing Thereon and to Strike or Deny the Underlying Motion is DENIED.
 "3. The parties are ordered to comply with the arbitration agreement executed by said parties and [Kelley] shall initiate arbitration proceedings on all claims made against [Wessex House] within thirty (30) days from the date of this order.
 "4. The Clerk is directed to forward a copy of this Order to all attorneys of record and/or parties pro se."
The effect of this order was to grant Kelley's February 11, 2004, motion to alter, amend, or vacate and to set aside the order of dismissal, but to deny Kelley's February 1, 1999, motion to vacate the January 4, 1999, order, thereby leaving in force the January 4, 1999, order granting Wessex House's motion to compel arbitration. The February 25, 2004, order had the effect of modifying the January 4, 1999, order in two respects, however: The later order started anew the 30-day period within which Kelley was to initiate arbitration and deleted the anticipatory sanction of dismissing the case with prejudice if Kelley failed to initiate arbitration within that 30-day period.
Rule 4(d), Ala. R.App. P., adopted effective October 1, 2001, provides that "[a]n order granting or denying a motion to compel arbitration is appealable as a matter of right. . . ." Before the adoption of Rule 4(d), and, consequently, at the time the January 4, 1999, order was entered granting Wessex House's motion to compel arbitration, an order granting a motion to compel arbitration was considered an interlocutory order reviewable only by a petition for a writ of mandamus. Bowater, Inc. v. Zager,901 So.2d 658 (Ala. 2004). When mandamus relief was not sought, however, the order granting arbitration did not thereby become "final," but remained interlocutory in character, subject to review, if desired, as a part of any appeal taken upon final disposition of the *Page 229 
case. R.E. Grills, Inc. v. Davison, 641 So.2d 225, 227 (Ala. 1994). Thus, the January 4, 1999, order remained interlocutory in nature, subject to reconsideration by the trial court. Kelley's February 1, 1999, motion to vacate the January 4, 1999, order and to strike Wessex House's motion to compel arbitration did not qualify as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate a judgment, because Rule 54(a) defines the term "judgment" to include "a decree and any order from which an appeal lies." See Ex parte Mutual Sav. Life Ins. Co.,765 So.2d 649 (Ala. 1998). Consequently, Kelley's motion was not subject to the 90-day time limit imposed on the pendency of a Rule 59(e) motion by Rule 59.1, Ala. R. Civ. P.
No dismissal was ordered by the trial judge as a result of Kelley's failure to initiate arbitration, until the order of January 22, 2004; we are unable to determine whether the basis for that order of dismissal was an enforcement of the dismissal sanction anticipated in the January 4, 1999, order, or a grant of Wessex House's alternative motion for dismissal for failure of Kelley to prosecute the case. As noted, Kelley timely moved the court to alter, amend, or vacate that order of dismissal, which did represent a final judgment.
We reject Wessex House's argument that the trial court lacked jurisdiction to enter the order of February 25, 2004, and that that order is therefore void, given that the January 4, 1999, order was not self-effectuating with respect to the potential sanction of dismissal; given that no dismissal had been ordered before January 22, 2004; and given that the January 4 order was interlocutory and subject to vacation or alteration. Accordingly, the trial court was acting within its jurisdiction and authority when it set aside the order of dismissal, denied Kelley's motion to vacate the order compelling arbitration, and ordered once again that the parties proceed to arbitration within a "new" 30-day time frame, and without the explicit threat of dismissal as a sanction for noncompliance.
Wessex House argues in the alternative that in the event this Court declines to hold that the trial court was without jurisdiction to enter the order of February 25, 2004, that order should be set aside because the trial court exceeded its discretion in entering the order. Although § 12-22-10, Ala. Code 1975, authorizes either party in a civil case to appeal from a circuit court's order granting or refusing a motion for a new trial, that statute applies only when there has been "a trial of fact"; it does not cover a situation, such as the one here, where there has simply been an order of dismissal imposed either as a sanction for failure to comply with a court order requiring arbitration or as a sanction for failure to prosecute. MobileLight R.R. v. Hansen, 135 Ala. 284, 33 So. 664 (1903); Marxv. Barbour Plumbing Elec. Co., 10 Ala.App. 404, 406-07,64 So. 645, 646 (1914) ("in our opinion the language of the statutes authorizing an appeal from an order or judgment refusing or granting a new trial cannot be made to apply to a case like this, where there has in fact been no trial of the cause, but only an order of dismissal for want of prosecution, which was subsequently set aside at the same term of the court, and that the appeal must be dismissed, as no appeal lies from an order setting aside the formal order of dismissal for want of prosecution"); Kolb v. Swann Chem. Corp., 245 Ala. 438,17 So.2d 402 (1944); Harden v. United States Fid. Guar. Co.,267 Ala. 321, 101 So.2d 302 (1958); and Galloway v. Arnold,374 So.2d 1350 (Ala. 1979). An order granting a motion to set aside a dismissal imposed as a sanction is an interlocutory order and, *Page 230 
therefore, not appealable as a matter of right. Fisher v. Bush,377 So.2d 968 (Ala. 1979); Barnes v. George, 569 So.2d 382
(Ala. 1990); R.E. Grills, Inc. v. Davison, 641 So.2d 225 (Ala. 1994); and Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047
(Ala. 1996).
It does not follow that because Wessex House is not entitled to review of the February 25, 2004, order by way of appeal, its petition for a writ of mandamus challenging that order should have resulted in an order from this Court directing Kelley to answer the petition and providing for the filing of briefs, as was done in Ex parte Owen, 860 So.2d 877 (Ala. 2003), to authorize review of the trial court's action in vacating its earlier order dismissing the case. Wessex House argued in its petition for the writ of mandamus, as it does in the present appeal, that the order of February 25, 2004, was void for want of jurisdiction, which issue we have coincidentally addressed herein; its other contention was that the trial court had exceeded its authority by granting, in that order, Kelley's motion to vacate the January 22, 2004, dismissal. This Court did not consider that that argument warranted further review under the circumstances.
For the reasons explained above, this appeal is dismissed.
APPEAL DISMISSED.
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] The action was filed on November 4, 1998. On April 7, 2000, the plaintiff moved "for an order substituting Larry Kelley, administrator of the estate of Comer Kelley, deceased, as plaintiff herein," advising that Comer Kelley had died on October 10, 1999, and submitting letters of administration granted Larry Kelley on Comer Kelley's estate. The trial court endorsed "granted" on the motion on September 19, 2000, but the parties continued to use the original designation of the plaintiff in all of their subsequent filings in the trial court.