THOMPSON, Presiding Judge.
Universal Debit & Credit Corporation (“Universal”) appeals from a June 16, 2009, order of the trial court, in which the trial court set aside a previous order compelling arbitration.
*1094 The record indicates the following. On July 29, 2004, LeeBerg, L.L.C. (“Lee-Berg”), filed an action against Universal alleging claims arising from Universal’s refusal to pay LeeBerg commissions on transactions carried out at certain automatic-teller machines (“ATM”) in Alabama. LeeBerg claimed that Universal was required to pay the commissions pursuant to an “ATM Independent Contractor Agreement” (“the contract”), executed in March 1997. LeeBerg and UDC ATMs, L.L.C. (“UDC”), a Virginia limited-liability company, were the two parties to the contract. The contract called for LeeBerg to solicit accounts for installation and service of UDC’s machines. For each ATM UDC installed as the result of an account secured by LeeBerg, UDC would pay Lee-Berg an “installation commission.” Thereafter, UDC would pay LeeBerg a “residual transaction commission” of 15 cents for every ATM transaction generated at the sites LeeBerg solicited.
The contract included an arbitration clause, which provided, in pertinent part, that “[a]ny dispute arising out of or related to this Agreement shall be exclusively submitted for binding arbitration in the state of Virginia under the Commercial Arbitration Rules of the American Arbitration Association.”
The record shows that LeeBerg’s understanding was that UDC had assigned the contract to Universal, and that Universal had paid the commissions as provided under the contract until September 2003. In July 2004, LeeBerg filed this action against Universal. In August 2004, Universal filed a motion to dismiss or, in the alternative, to stay proceedings and compel arbitration. Subsequently, the parties filed other motions and responses. For reasons not explained in the record, the trial court did not rule on any of the motions, and no activity took place in the case until March 2007, when Universal filed a second motion to dismiss based on LeeBerg’s alleged failure to prosecute the case. LeeBerg filed a response to the motion. The trial court did not rule on the motion, and the case lay dormant for another year.
On March 20, 2008, Universal requested a status conference. A status conference was held, after which the trial court entered a scheduling order but still did not rule on any of the pending motions. Lee-Berg went forward with discovery. Universal moved to stay discovery until the court ruled on the pending dispositive motions. Finally, on March 27, 2009, the trial court entered an order directing the parties to participate in arbitration. In the order, the trial court stated that “[t]he parties d[id] not dispute that the agreement at issue in this matter contain[ed] a valid arbitration clause.” It also noted, however, that LeeBerg contended that the contract was void because Universal was a foreign corporation that was not qualified to do business in Alabama and that, therefore, pursuant to § 10-2B-15.02, Ala.Code 1975,[1] Universal could not enforce the con *1095 tract. The trial court determined that any issues relating to the validity or “voidability” of the contract were to be addressed by the arbitrator.
The same day the order compelling arbitration was entered, LeeBerg filed a motion to set aside that order. In its motion to set aside, LeeBerg contended that the March 27, 2009, order had been proposed to the trial court by Universal and that it did not correctly state LeeBerg’s position. LeeBerg also noted that the trial court had not sought a proposed order from Lee-Berg. LeeBerg stated that, contrary to the language in the order, it did not agree that the arbitration clause was valid, and it did not believe that the entire contract was void. It pointed out that it had presented evidence indicating that Universal was involved in intrastate commerce, which, it asserted, would preclude arbitration in this case, and that the “threshold determination of commerce” had not yet been decided. LeeBerg argued that, because the issue whether Universal was involved in interstate commerce was unresolved, the order compelling arbitration was premature. Thus, LeeBerg asked that the March 27, 2009, order be set aside for a determination of whether the Federal Arbitration Act applied to this case. On June 16, 2009, the trial court entered an order granting LeeBerg’s motion to set aside the March 2009 order. Universal appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Universal contends that the trial court’s order setting aside its order compelling arbitration is a “de facto” denial of its motion seeking arbitration. We disagree.
An order denying a motion to compel arbitration is appealable as a matter of right. See Rule 4(d), Ala. R.App. P. In its brief on appeal, Universal asks this court to consider whether it was engaged in interstate commerce, whether the fact that it was not qualified to do business in Alabama renders the arbitration clause unenforceable, and whether it can enforce the arbitration clause despite its assertion that it is not a proper party defendant. None of those issues has been decided by the trial court.
This situation is analogous to an attempt to appeal from an order setting aside a default judgment. “An order granting a motion to set aside a default judgment is not a final judgment because it revives the matters in controversy between the parties; thus, ‘an order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable.’ ” Moore v. Strickland, [Ms. 2090047, April 23, 2010] (Ala.Civ.App.2010) (quoting Fisher v. Bush, 377 So.2d 968, 968 (Ala.1979)). Similarly, in this case, the June 2009 order setting aside the *1096 March 2009 order compelling arbitration revived the issues relating to whether the arbitration clause in the contract is valid and enforceable. The order gives the parties an opportunity to litigate those issues and the trial court the opportunity to make a ruling on those issues. After the issues regarding the applicability of the arbitration clause have been decided, the trial court may once again enter an order compelling arbitration. The June 2009 order was not, as Universal contends, a “de fac-to” denial of its motion to compel arbitration.
The trial court has not yet entered a final order denying or granting Universal’s motion to compel arbitration. Its order setting aside its previous order compelling arbitration is an interlocutory order, and, therefore, it is not appealable as a matter of right. See Wessex House of Jacksonville, Inc. v. Kelley, 908 So.2d 226, 229-30 (Ala.2005); and Rule 4(d), Ala. R.App. P. Accordingly, this appeal is due to be dismissed.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Section 10-2B-15.02, Ala.Code 1975, provides as follows:
“(a) A foreign corporation transacting business in this state without a certificate of authority or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without a certificate of authority. All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact business in this state shall be held void at the action of the foreign corporation or by any person claiming through or under the foreign corporation by virtue of the contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity.
"(b) The failure of a foreign corporation to obtain a certificate of authority shall not *1095 impair the validity of any contract or agreement heretofore or hereafter entered into and consisting of a mortgage upon real property or an interest in real property in this state, and the note secured thereby, where the mortgage is insured by the Federal Housing Administration or guaranteed by the Veterans Administration, if the foreign corporation shall have thereafter obtained a certificate of authority. In all actions against a foreign corporation or against any person claiming under a foreign corporation by virtue of a void contract, the foreign corporation or person claiming under it shall be estopped from setting up the fact that the contract or agreement was made in violation of the law.”