# Mobile Light & Railroad Co. *v.* Hansen.

## *Action against Street Railway Company for Killing a Horse.*

1. *Non-suit; setting aside order granting new trial.*—A non-suit, taken by plaintiff because of adverse rulings of the court, does not constitute a trial or decision of the issue of fact involved in the pending suit; and, therefore, the setting aside by the court of an order of non-suit is not the granting of a new trial under the statute, (Code, § 434).

2. *Non-suit; order setting aside will not support appeal.*—The order of a trial court setting aside a non-suit taken by the plaintiff by reason of adverse rulings is not such an order as will support an appeal to the Supreme Court.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, Ed Hansen, against the appellant, the Mobile Light & Railroad Company, to recover damages for the alleged negligent killing of the plaintiff's horse. After the introduction of the plaintiff's evidence, the defendant moved to exclude all of such evidence, upon the ground that said evidence did

not make out a *prima facie* case. The court granted this motion, and to this ruling the plaintiff duly excepted. Thereupon the plaintiff in consequence of such adverse ruling took a non-suit. Subsequently, during the same term, the plaintiff moved the court "to set aside the non-suit taken by the plaintiff and to grant plaintiff a new trial, upon the ground that the court erred in striking out the evidence, when the plaintiff rested his case." This motion was granted by the court, and a judgment was entered which was as follows: "This day came the parties by their attorneys and the plaintiff's motion to set aside the non-suit taken by the plaintiff in this cause and grant him a new trial having been submitted to the court at a previous day of this term, together with all other papers in this case, * * * it is ordered and adjudged by the court that the plaintiff's said motion to set aside the non-suit taken by the plaintiff in his cause and grant him a new trial be and the same is hereby granted." To this ruling of the court the defendant duly excepted.

From the judgment setting aside the non-suit and granting the plaintiff a new trial the defendant prosecutes the present appeal, and assigns the rendition thereof as error. The appellee made a motion in the Supreme Court to dismiss the appeal.

GREGORY L. & H. T. SMITH, for appellant—The statute authorizing appeals from rulings of the trial court upon motions for a new trial is sufficient authority for an appeal in this case.—Code of 1896, § 434.

L. H. & E. W. FAITH, *contra.*—A judgment or ruling of the trial court setting aside a non-suit does not constitute a granting of such a new trial as will support an appeal.—*Truss v. R. R. Co.,* 96 Ala. 317; 2 Black on Judgments, § 699; 21 Amer. & Eng. Ency. of Law, (2d ed.), 547; *United States v. Parker,* 120 U. S. 95; *Ins. Co. v. Broughton,* 109 U. S. 121; *West v. McMullen,* 20 S. W. Rep. 629.

TYSON, J.—This appeal is prosecuted from an order of the circuit court setting aside a non-suit taken by the

plaintiff. A motion is made here to dismiss the appeal. This motion must be granted unless the order setting aside the non-suit was the granting of a new trial within the purview of section 434 of the Code authorizing an appeal from an order granting or refusing a motion for a new trial. In *Truss v. B. L. & M. R. R. Co.*, 96 Ala. 316, the question arose as to whether an order settting aside a judgment by default, was the granting of a new trial within the meaning of this statute. It was held that it was not and the appeal dismissed. The court said : "A new trial is defined to be a 're-examination of an issue of fact in the same court after a trial and decision by a jury, or court, or by referees.' There is nothing in the act of February 16, 1891, [§ 434 of Code], which suggests a different meaning for the words 'new trial' from that they have at the common law. On the contrary, the requirement of the statute that the substance of the evidence and the decision of the court on the motion shall be set out in a bill of exceptions is clearly indicative of the legislative intent to limit the application of the statute to motions for new trials in cases where there has been a trial of fact," etc. It is true in the present record there is a bill of exceptions containing the evidence offered by the plaintiff which was excluded by the court below on motion of defendant in consequence of which the plaintiff was non-suited. But this is not all that is involved in the statute. There must have been the trial and decision of an issue of fact, and the motion must involve a re-examination of that issue after a trial and decision of it. The non-suit taken by the plaintiff under the circumstances shown in this record did not constitute a trial or decision on the facts in the case. As said by the Supreme Court of Maine, quoted approvingly by Mr. Black in his work on Judgments, section 699, "in ordering a non-suit on account of the insufficiency of the plaintiff's evidence, the court simply declares the law applicable thereto. It says the facts proved by the plaintiff fail to cast any legal liability upon the defendant; but it does not attempt to determine the actual facts of the case, nor can it do so, for the law has imposed that duty elsewhere and as the facts of the

[Moore v. Parker Drug Co. *et al.*]

case are not determined, it does not follow that the plaintiff in some future suit may not be able to produce more and better evidence of his claim, which he is at liberty to do." This quotation is but an extended announcement of the well settled rule that a judgment of non-suit involves no element of an estoppel—of *res adjudicata*—because there is no trial of an issue of fact, no decision or determination of the facts—Note in 49 Am. St. Rep. 831-833; 1 Freeman on Judgments, § 261. We are of opinion that the motion to dismiss the appeal must be granted.

Appeal dismissed.