# Palmer *v.* The State.

*Habeas Corpus.*

(Decided Dec. 22, 1910.   54 South. 271.)

*Habeas Corpus; Right to Writ; Restraint of Liberty; Person Under Bail.*—Construing together the provisions of sections 7007, and 7024, it is held that habeas corpus will not lie in favor of one out on bail to procure his discharge from bail, against the clerk of the circuit court who approved his bail bond.

APPEAL from order of Chancellor of Northeastern Chancery Division.

Heard before Hon. W. H. SIMPSON.

Petition by Fayette Palmer for writ of habeas corpus. From an order denying the writ, he appeals. Affirmed.

See, also, 51 South. 358.

The allegation of the petition is that petitioner was convicted in the circuit court of Marion county on the

[Palmer v. The State.]

24th day of August, 1910, and sentenced to the penitentiary for the term of five years, that he made known his desire to appeal to the Supreme Court, and the presiding judge of the circuit court ordered that he be admitted to bail in the sum of $1,000, to be approved by the clerk; and that he made said appeal bond, and was discharged from custody. Several reasons have been alleged why the judgment of conviction was void, and on the void judgment application is based to be relieved of the bail bond; it being alleged that he is in the custody of the clerk of the circuit court by virtue of said bail bond. There was order and decree denying the petition.

E. B. & K. V. FITE, and A. H. CARMICHAEL, for appellant. Section 7007, Code 1907, shows conclusively that the remedy afforded by the writ is not confined exclusively to those who may be actually confined. This is borne out by the provisions of section 7027, and by the following cases: *Ex parte Snodgrass,* 65 S. W. 1061; *Ex parte Foster,* 71 S. W. 593. Counsel discuss the validity of the judgment and insist that it is entirely void and in support thereof cite *Wynn v. Mc-Craney,* 46 So. 854; 16 U. S. 643; 26 Am. St. Rep. 589; 2 Pac. 418; 49 Pac. 148; 47 S. E. 319. If the judgment is void, this fact may be shown on application for habeas corpus.—*Ex parte Long,* 87 Ala. 47.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—While section 7007 of the Code of 1907, authorizes the prosecution of the writ of habeas corpus by any person who is "imprisoned or restrained of his liberty in this state, on any charge or accusation or under any other pretense whatever," except when

[Palmer v. The State.]

held under process from the federal authority, the writ does not lie, unless he is imprisoned or in actual restraint. In other words, he must be in such control or custody of the person against whom the petition is directed that his body can be produced at the hearing by the said custodian or restrainer. Section 7024 expressly requires the production of the body of the person held, except in case of sickness or infirmity; and it is manifest that this cannot be done unless there is an actual custody or control.

Here the writ in question is directed against the clerk, and who was called upon to produce the body of the petitioner, yet it was clear he had no custody or control over petitioner, other than the mere imaginary implication of a custody or control because of the fact that he had, as clerk, approved the bond of petitioner for his appearance pending the appeal to the Supreme Court. An actual or physical restraint, and not a mere moral one, is necessary to warrant interference by habeas corpus; but any restraint which precludes freedom from action is sufficient, and actual confinement in jail is unnecessary. Persons under bail are not restrained of their liberty, so as to be entitled to a discharge on habeas corpus.—21 Cyc. 289, and cases cited in note 41; 15 Am. & Eng. Encyc. of Law, 159, and cases cited in note 3. Indeed, we do not find a case in the books holding that a person out under bail is so restrained as to entitle him to the writ.

The *Cases of Snodgrass,* 43 Tex. Cr. R. 359, 65 S. W. 1061, and *Foster,* 44 Tex. Cr. R. 423, 71 S. W. 593, 60 L. R. A. 632, 100 Am. St. Rep. 866, relied upon by the petitioner's counsel, were not petitions by parties under bail. They were held by the sheriff who let them go at large for certain limited purposes, and were under his control, and so he was at liberty to confine them

at any time.  On the other hand, the same court in the *Case of Branch,* 36 Tex. Cr. 384, 37 S. W. 421, and *Talbutt's Case,* 39 Tex. Cr. R. 12, 44 S. W. 832, held that parties under bond were not entitled to the writ of habeas corpus.

It appearing from the record in the case at bar that the petitioner was merely under a bond to await the result of his appeal, and was not, therefore, in the custody of or restrained of his liberty by any one, we are of the opinion that the chancellor properly denied the writ, and the order in so doing is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.