101 So.2d 302

Carl HARDEN, as adm'r,

v.

UNITED STATES FIDELITY & GUARANTY CO. et al.

5 Div. 672.

Supreme Court of Alabama.

March 6, 1958.

Godbold, Hobbs & Copeland, Montgomery, for appellant.

Ball & Ball, Montgomery and Holley, Milner & Holley, Wetumpka, for United States Fidelity & Guaranty Co.

Rushton, Stakely & Johnston and Chas. E. Porter, Montgomery, for Commercial Cas. Ins. Co.

SIMPSON, Justice.

On December 4, 1951, plaintiff filed suit against United States Fidelity & Guaranty Company, a Maryland Corporation, on its surety bond. On March 5, 1952, the Commercial Casualty Insurance Company was added as a party defendant. By a series of pleadings not here pertinent the cause remained in fieri until June 7, 1956, at which time the plaintiff due to the sustaining of the defendants' demurrers to the complaint, took a non-suit and reserved said rulings for the decision of this Court. The defendant United States Fidelity & Guaranty Company filed a motion to set aside the judgment of non-suit on June 23, 1956. A like motion was filed by the other defendant on June 30. The motions were denied by the trial court on July 12, 1956. The appeal taken more than six months from the judgment of non-suit was entered by the plaintiff filing an appeal bond on January 8, 1957.

The appellees have filed a motion to dismiss the appeal on the ground that the same was not taken within the time prescribed by law, i. e., six months from the date of the judgment of non-suit (Title 7, § 788, Ala. Code of 1940). In resistance

to the motion to dismiss the appellant contends that the motion of the defendants to set aside the judgment of non-suit tolled the running of the time for appeal. In other words, appellant contends that the time for appeal was six months from the date the trial court overruled the motion to set aside the judgment of non-suit and not from the date of the judgment of non-suit itself.

■ It is well settled that motions for new trials at law and for rehearings in equity toll the time for the taking of an appeal from the main judgment or decree. Local 204 Textile Workers Union of America v. Richardson, 245 Ala. 37, 15 So.2d 578; Williams v. Knight, 233 Ala. 42, 169 So. 871.

■ But it also seems beyond argument that the motion to set aside a judgment of non-suit is not a motion for a new trial within the meaning of § 764 of Title 7, Ala. Code of 1940. Mobile Light & R. Co. v. Hansen, 135 Ala. 284, 286, 33 So. 664. In this Hansen case it was stated:

"This appeal is prosecuted from an order of the circuit court setting aside a nonsuit taken by the plaintiff. A motion is made here to dismiss the appeal. This motion must be granted, unless the order setting aside the nonsuit was the granting of a new trial within the purview of section 434 of the Code, authorizing an appeal from an order granting or refusing a motion for a new trial. In Truss v. Birmingham, L. G. & M. R. Co., 96 Ala. 316, 11 So. 454, the question arose as to whether an order setting aside a judgment by default was the granting of a new trial within the meaning of this statute. It was held that it was not and the appeal dismissed. The court said: 'A new trial is defined to be "re-examination of an issue of fact in the same court after a trial and decision by a jury or court or by referees." There is nothing in the act of February 16, 1891, (sec. 434 of Code), which suggests a differ-

ent meaning for the words "new trial" from that they have at the common law. On the contrary, the requirement of the statute· that the substance of the evidence and the decision of the court on the motion shall be set out in a bill of exceptions is clearly indicative of the legislative intent to limit the application of the statute to motions for new trials in cases where there has been a trial of fact,' etc. It is true, in the present record there is a bill of exceptions containing the evidence offered by the plaintiff which was excluded by the court below on motion of defendant, in consequence of which the plaintiff was non-suited. But this is not all that is involved in the statute. There must have been the trial and decision of an issue of fact, and the motion must involve a re-examination of that issue after a trial and decision of it. The nonsuit taken by the plaintiff under the circumstances shown in this record did not constitute a trial or decision on the facts in the case."

This would seem to be dispositive of the issue, but in view of argument of counsel some decisions of this court will be re-examined.

In Altman v. Barrett, 234 Ala. 234, 174 So. 293, 295, pertinent events were as follows:

November 25—decree sustaining demurrers.

December 1—motion to set aside decree of November 25.

December 18—submission on motions.

December 23—motion overruled.

January 7—appeal taken from decree of November 25.

This court held that the appeal was "within due time under sections 6079, 6670, Code, as interpreted in Williams v. Knight, 233 Ala. 42, 169 So. 871." It is apparent that Williams v. Knight was no authority for such a decision unless the motion to set

aside the judgment sustaining the demurrers was tantamount to a motion for a rehearing, for the Williams case dealt with a motion for rehearing after final decree on the merits. The reasoning force behind this decision was an analogy to motions for new trials at law. Yet the Altman v. Barrett decision is not in accord with the anology found in the law case of Mobile Light & R. Co. v. Hansen, supra.

The case of Hinson v. Hinson, 253 Ala. 131, 43 So.2d 130, also involved an appeal from a decree sustaining a demurrer to a bill in equity. In that case the decree was rendered on December 8, 1948, and the appeal taken seven months later. The court in holding the appeal should be dismissed for not having been taken in time made the following statement:

"The decree was rendered on the 6th day of December, 1948, and the appeal was taken seven months later, the 6th day of July, 1949. The time for such appeals under the statute, Code of 1940, Title 7, § 755, is thirty days and if not taken within that time this Court is without jurisdiction and must dismiss the appeal ex mero motu. Minge v. Smith, 206 Ala. 330, 89 So. 473; City of Troy v. Murphree, 214 Ala. 118, 107 So. 83; Holt v. City of Birmingham, 237 Ala. 196, 186 So. 549; Boshell v. Phillips, 207 Ala. 628, 93 So. 576.

"The motion of the complainant to set aside the decretal order sustaining the demurrer and the orders of the court in respect thereto were inefficacious to interrupt the running of the statute fixing the limitations within which the appeal could be taken for two reasons. The first is that the motion was not filed within thirty days from December 6, 1948, and the other is that such motion does not suspend the running of the statute.

"Only motions for new trial at law after final judgment and applications for rehearing in equity after final decree operate to suspend the running

of the time fixed by the statute for appeal. Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445; Williams v. Knight, 233 Ala. 42, 169 So. 871; Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275."

■ Appellant assails the Hinson case as authority for dismissal by contending that the real basis for the decision was that the motion was not filed within thirty days and that the statement to the effect that such a motion did not suspend the running of the time for appeal was therefore dictum. This argument overlooks the very sound principle of stare decisis to the effect that where there are two independent reasons given for a decision, each is a ruling on the case and neither one is to be considered mere dictum. Usher v. Department of Industrial Relations, 261 Ala. 509, 75 So.2d 165.

We cannot interpret Manery v. Manery, 256 Ala. 441, 55 So.2d 194, as an attempt to limit either the principle of Hinson or other cases of like import. It shoud be noted that Williams v. Knight, 233 Ala. 42, 169 So. 871, where was the sole authority given for the Altman v. Barrett decision was also cited as authority in the Hinson case. We cannot escape the conclusion that Altman v. Barrett and Hinson v. Hinson, are in conflict and in so far as Altman v. Barrett trangresses the principle of Hinson and other like cases, it must be disregarded.

The motion to "set aside" the "final decree" in the case of Garrett v. Oddo, 261 Ala. 172, 73 So.2d 761, was obviously treated and considered as a motion for a rehearing.

Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425, 427, constitutes the latest pronouncement of this Court relating to the instant problem. The significant events in that case were as follows:

June 8—jury verdict and judgment for plaintiff.

June 26—motion for new trial, continued to August 10.

August 10—motion heard and taken under advisement.

August 25—new trial granted on motion.

September 21—amendment to order of August 25 saying plaintiff reserved an exception.

September 22—plaintiff filed motion to set aside order of August 25.

November 17—above motion taken under advisement (after having been duly continued to date).

December 21—motion to set aside overruled.

March 19—appeal taken from order of August 25.

The court in its opinion stated:

"An appeal must be taken within the time and manner indicated by statute, and the date from which the time for appeal may be reckoned (where motion for new trial is duly made), is the date of the due and final rendition of judgment on such seasonable motion for a new trial. Liverpool & London & Globe Ins. Co. v. Lowe, 208 Ala. 12, 93 So. 765.

"Here the latest appealable order of the circuit court was on August 25, 1950, by which the motion for a new trial was granted. The action of the court on the motion to set aside and vavate the order granting a new trial will not support an appeal.

"Although dealing with a motion to set aside a decree sustaining a demurrer to a bill in equity, we think the language of this court in Hinson v. Hinson, 253 Ala. 131, 43 So.2d 130, is applicable here."

We believe the rule stated in Sadler v. Sessions, supra, is a correct one and that the time for which an appeal can be taken runs from the date of the last appealable order. True, motions for new trials at law and rehearings from final decrees in equity toll the running of the time for appeal, but an order overruling a motion to set aside a non-suit is not appealable.

Mobile Light & R. Co. v. Hansen, 135 Ala. 284, 33 So. 664.

We hold, therefore, that the motions to dismiss the appeal are well taken.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.