130 So.2d 385

**Ernest George BLAND, alias "Trigger-Phil"**

**v.**

**STATE of Alabama.**

**6 Div. 678.**

Supreme Court of Alabama.

May 25, 1961.

Ernest George Bland, pro se.

MacDonald Gallion, Atty. Gen., for the State.

SIMPSON, Justice.

The appellant was adjudged guilty and was sentenced to a term of years in the state penitentiary on January 17, 1961. Notice of appeal was given on the same day.

The State of Alabama by Honorable MacDonald Gallion, Attorney General, has filed a motion to dismiss the appeal because the record and transcript of the evidence were not filed in this Court within the time prescribed by law. We entertain the view that the motion is well taken.

Revised Rule 37 of this Court provides as pertinent that in such a case the transcript of the record shall be filed in this Court within sixty days after it has been established in the court below. No transcript of the evidence was ever established in the court below. The record proper without the transcript of the evidence was not filed in this Court until March 27, 1961, more than sixty days after it should have been filed and no extension of time for filing was ordered by the trial judge, as is provided in the rule.

▮ We are, therefore, constrained to hold that the motion of the State must be sustained.

We, of course, are familiar with the case of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, but are not sure of the exact meaning of the sum total of the opinions in the case or their impact upon such a state as Alabama, which has no department or institution with funds from which this Court or any other court could order payment of the expenses of the transcript of the evidence for the appellant. Perhaps Illinois had such a statutory system whereby the Supreme Court of the United States could justify its judgment in ordering the Supreme Court of Illinois to have a transcript prepared for defendant Griffin. But Alabama has no such statute and there is no fund in any department of the state from which such expenses can be paid. Of consequence of which we cannot, and will not, order anyone to prepare

a transcript of the evidence for this appellant.

True, Alabama does have the automatic appeal statute which requires the State to pay for the transcript of the evidence in death cases, but this is the only instance in which such appellate review is ordered. Appellate review is a matter of statutory or constitutional grace and the mere fact that the State of Alabama has limited this benefit of statutory grace only in one type of cases—death sentence cases —would not to the rational mind be argument that other types of convicted defendants are discriminated against just because in lesser crimes a defendant is not awarded the benefit of the payment of the expenses of a transcript of appeal. McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.