138 So.2d 710

### Ex parte F. L. SHUTTLESWORTH.
### 6 Div. 871.

Court of Appeals of Alabama.
March 1, 1962.

See also 273 Ala. 228, 138 So.2d 712.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for applicant.

Earl McBee, Birmingham, for City of Birmingham.

## PER CURIAM.

This court was presented, on February 28, 1962, with an original application for a stay of execution and enlargement on bail on behalf of F. L. Shuttlesworth, who is presently serving a sentence in a Birmingham city jail.

He was tried and convicted of violating the disorderly conduct ordinance of the City of Birmingham, Section 311 of the 1944 Birmingham City Code.

This section reads as follows:

"Any person who disturbs the peace of others by violent or offensive conduct, or carriage, or by loud or unusual noises, or by profane or obscene or offensive language, or any person who shall commit any act or diversion causing or tending to a breach of the peace, or any person who shall be guilty of lewd, immoral or indecent conduct, or any person who shall use any obscene or filthy language in a public place, or any person who shall commit any act or diversion tending to or calculated to debauch the morals of any person, shall be deemed guilty of disorderly conduct, and, upon conviction, shall be punished as provided in section 4 of this code."

An appeal from this conviction was taken to this court along with thirteen other cases, all of which were decided here on December 13, 1960, with rehearing denied January 17, 1961. Shuttlesworth v. City of Birmingham, post, p. 697, 130 So.2d 236.

The final judgment of this court granted a motion of the City to strike the transcript of the evidence. Upon consideration of the record proper, the judgment of conviction in the circuit court was affirmed on the authority of a companion case, White v. City of Birmingham, ante, p. 181, 130 So.2d 231.

No question was presented on that record as to the validity of ordinance No. 1487–F which was considered along with a regulation of the Birmingham Transit Company in a declaratory judgment action reported in Boman v. Birmingham Transit Co., 5 Cir., 280 F.2d 531 (1960).

The ordinance here in question is appended as a part of footnote 7 in the case of Baldwin v. Morgan, 5 Cir., 251 F.2d 780 (1958), at page 786.

In the case of Shuttlesworth v. City of Birmingham, supra, we were, because of a delay attributable solely to the appellant, precluded from having before us any of the evidence adduced before the trial court. In other words, our consideration was

**544**

necessarily confined solely to the record proper. We were then and there confronted only with those assignments of error which referred to rulings of the trial court with respect to the record proper. The only ruling assigned, specified and argued in brief was that denying a motion to quash the complaint.

As Harwood, P. J., in the companion case of White v. City of Birmingham, supra, points out, a motion to quash is not appropriate practice, and the ruling of the trial judge thereon is not subject to review, "in the unrevisable discretion of the trial court."

The Supreme Court of Alabama thereafter denied certiorari, as did the Supreme Court of the United States, so that the original judgment of the circuit court has become final and the sentence imposed thereunder is currently being obeyed and endured, at least so far as Shuttlesworth's confinement in the city jail is called for.

Our statute, Code 1940, T. 15, § 369, as amended, relating to bail pending the outcome of an appeal from judgment denying the writ of habeas corpus, expressly excludes admission to bail to "a prisoner serving his sentence."

■ We consider that, after the appellate procedure has been exhausted by an accused, the allowance of bail is not provided for either by statute or common law. Moreover (except in cases of capital punishment at least as far as putting to death), a stay of execution and allowance of bail pending the outcome of post conviction remedies after exhaustion of appeal in the State courts would make a revolving door of imprisonment or incarceration.

■ We find no statute or State constitutional provision or Federal constitutional provision which would permit the consideration of an application such as the one here presented.

Application denied.