138 So.2d 712

**Ex parte F. L. SHUTTLESWORTH.**

**6 Div. 836.**

Supreme Court of Alabama.

March 1, 1962.

---

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for petitioner.

Earl McBee, Birmingham, for City of Birmingham.

PER CURIAM.

On February 28, 1962, this court was presented with the following petition (omitting the formal parts, signatures and verifications):

"Pursuant to the order or mandate of the United States Supreme Court In Re: Ex parte, F. L. Shuttlesworth, 1073 Miscellaneous, [82 S.Ct. 551] de-

cided on the 26th day of February, 1962; (a copy of which is hereto attached and made a part hereof), petitioner respectfully makes application to Your Honors: (a) To stay the execution and enforcement of the judgment rendered by the Circuit Court of Jefferson County, Alabama, to-wit, December 1, 1958; (b) To grant petitioner bail in this cause pending his appeal of that certain Order entered by the Honorable George Lewis Bailes, Circuit Judge, Tenth Judicial Circuit of Alabama, on the 26th day of February, 1962, a copy of which is attached hereto and marked Petitioner's Exhibit 'B'.

"Petitioner further states that an Application for Stay of Execution and enforcement of Judgment and sentence, and for bail, was made to the Court of Appeals and denied this 28th day of February, 1962 [138 So.2d 710].

"WHEREFORE, Petitioner prays that this Honorable Court will issue an Order staying further enforcement of the Judgment and sentence in this cause, and further that an Order be made by this Court admitting your petitioner to bail, pending the final disposition of this matter."

Attached as exhibits to the petition are the opinion of the Federal Supreme Court, dated February 26, 1962, and copies of the orders of Judge Bailes denying petitioner's application for bail and his petition for writ of habeas corpus.

The record before us does not contain a copy of the petition for habeas corpus or the reasons therefor or to whom the writ is addressed.

It will be noted that the petitioner seeks "bail in this cause *pending his appeal* of that certain Order" of Judge Bailes which denied bail.

The only appeal from an order of a circuit court or circuit judge provided by statute is to the Court of Appeals or to this court. As of the time of the presentation of this petition to this court no appeal (from the order of the circuit judge) had been taken to either court.

Appeals in habeas corpus cases are governed by Tit. 7, § 369, Code 1940, as amended. See Ex parte Tingley, 252 Ala. 59, 41 So.2d 273; State ex rel. Russell v. Jones, 31 Ala.App. 208, 14 So.2d 590, certiorari denied, 244 Ala. 608, 14 So.2d 592. That statute expressly excludes admission to bail to "a prisoner serving his sentence." This petitioner is serving a sentence under a judgment which was affirmed by the Court of Appeals and certiorari denied by this court and the Federal Supreme Court.

The petition must be denied.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.