142 So.2d 872

**Ex parte Ernest G. BLAND.**

**In re Ernest G. BLAND**

v.

**STATE of Alabama.**

**6 Div. 847.**

Supreme Court of Alabama.

June 14, 1962.

Ernest G. Bland, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Petitioner has filed an original application in this court for leave to file a writ of error coram nobis in the Circuit Court of Jefferson County. The State has filed a motion to dismiss the petition on the ground that this court does not have jurisdiction in this cause. The motion must be granted.

Petitioner was convicted and sentenced to a term of years in the State Penitentiary. He attempted to perfect an appeal to this court but it was dismissed for failure to follow mandatory rules for effectively presenting the appeal. Bland v. State, 272 Ala. 215, 130 So.2d 385.

In Ex parte Williams, 255 Ala. 648, 53 So.2d 334, this court said:

"The circuit court is a court of unlimited, original jurisdiction in respect to the enforcement of the criminal laws of the state and petitioner has a right to seek relief in that court under the constitution by proper pleadings and proof showing with reasonable certitude that the facts alleged are true. Ex parte Taylor (Taylor v. State), 249 Ala. 667, 32 So.2d 659; Constitution of 1901, §§ 6 and 13.

"Application to this court for leave to proceed in the circuit court is necessary only in cases where this court has assumed and exercised its appellate jurisdiction to review the judgments of *nisi prius* courts on appeal or writ of error and through such review the judgment of the trial court has become merged in the judgment of the Supreme Court. It is not made to appear that the judgment of the circuit court was reviewed on appeal to this court or otherwise, hence the application for leave to proceed is without merit. Smith v. State, 245 Ala. 161, 16 So.2d 315; Wheeler v. Wheeler, 254 Ala. 611, 49 So.2d 219."

This holding in reference to applications for writ of error coram nobis has been followed in Ex parte Thomas, 270 Ala. 411, 118 So.2d 738, and Ex parte Phillips, 40 Ala. App. 647, 120 So.2d 580.

Where it is not made to appear that the judgment of conviction was reviewed by this court on appeal, or otherwise, we are without jurisdiction, and petitioner's application must be directed to the circuit court in which the trial was held. Authorities, supra.

We would not be understood as holding or intimating that the grounds asserted in the petition before us warrant relief or that they meet the requirements for a writ of

error coram nobis as set out in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.