151 So.2d 734

**F. L. SHUTTLESWORTH**

**v.**

**STATE.**

**6 Div. 901.**

Court of Appeals of Alabama.

Dec. 11, 1962.

Rehearing Denied Feb. 19, 1963.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., Leslie Hall, Asst. Atty. Gen., Wm. A. Thompson and Earl McBee, Birmingham, for appellee.

CATES, Judge.

This proceeding—whether appeal or petition for mandamus—is another consequence of Shuttlesworth v. Birmingham, 41 Ala.App. 697, 130 So.2d 236, cert. den. 272 Ala. 708, 130 So.2d 236.

On our refusal to grant bail (Ex parte Shuttlesworth, 41 Ala.App. 319, 138 So.2d 710) and a like action by the Supreme Court (273 Ala. 228, 138 So.2d 712), Shuttlesworth armed with the order in Ex parte Shuttlesworth, 82 S.Ct. 551, 7 L.Ed.2d 548, was enlarged on $300 bail by the United States District Court for the Northern District of Alabama March 1, 1962.

■ March 28, 1962, Shuttlesworth filed in the Circuit Court of Jefferson County a motion for rehearing of a former order. This former order reads:

"Petition for Writ of Habeas Corpus being presented this 26th day of February, 1962, and the same being understood, the Court is of the opinion that petition should be and the same is hereby denied.

"DONE and ORDERED this 26th day of February, 1962.

(Signed) "George Lewis Bailes

"CIRCUIT JUDGE"

This entry is merely an opinion. Weems v. Weems, 253 Ala. 205, 43 So.2d 397. Thus, the cause remained in fieri until June 12, 1962, when the court, by a proper form of judgment, granted the City's motion to strike the petition for rehearing.

■ Ground 1 of the City's motion to strike was that the court was without jurisdiction. This ground—in the sense of the court's being unable by law to grant relief—was good because:

(a) Shuttlesworth was no longer detained; and

(b) Code 1940, T. 15, § 27, precludes a court from going behind the record proper: Shuttlesworth's own petition showed the regularity of his detention.

As Rives, J., said in Wiman v. Argo, 6 Cir., 308 F.2d 674, at 677:

"Habeas corpus is available in Alabama to attack a judgment of conviction only when its invalidity appears on the face of the proceedings; that is, of the record *proper*, the indictment, judgment, etc. Vernon v. State, 1941, 240 Ala. 577, 200 So. 560, 563. The remedy where the alleged invalidity appears in the evidence or must be established by parol testimony is the common-law writ of error coram nobis. Johnson v. Williams, 1943, 244 Ala. 391, 13 So.2d 683, 686. * * *"

Here, as was pointed out in the bail application:

"The final judgment of this court granted a motion of the City to strike the transcript of the evidence. Upon consideration of the record proper, the judgment of conviction in the circuit court was affirmed on the authority of a companion case, White v. City of Birmingham, [41] Ala.App. [181] 130 So.2d 231.

"No question was presented on that record as to the validity of ordinance No. 1487–F which was considered along with a regulation of the Birmingham Transit Company in a declaratory judgment action reported in Boman v. Birmingham Transit Co., 5 Cir., 280 F.2d 531 (1960).

"The ordinance here in question is appended as a part of footnote 7 in the case of Baldwin v. Morgan, 5 Cir., 251 F.2d 780 (1958), at page 786.

"In the case of Shuttlesworth v. City of Birmingham, supra, we were, because of a *delay attributable solely to the appellant, precluded from having before us any of the evidence adduced before the trial court*. In other words, our consideration was *necessarily* confined solely to the record proper. We

were then and there confronted only with those assignments of error which referred to rulings of the trial court with respect to the record proper. The only ruling assigned, specified and argued in brief was that denying a motion to quash the complaint.

"As Harwood, P. J., in the companion case of White v. City of Birmingham, supra, points out, a motion to quash is not appropriate practice, and the ruling of the trial judge thereon is not subject to review, 'in the unrevisable discretion of the trial court.'

"The Supreme Court of Alabama thereafter denied certiorari, as did the Supreme Court of the United States, so that the original judgment of the circuit court has become final and the sentence imposed thereunder is currently being obeyed and endured, at least so far as Shuttlesworth's confinement in the city jail is called for." —138 So.2d 710, at 711. (Italics supplied.)

■ We are clear that habeas corpus is not the proper procedure in this case to raise a Fourteenth Amendment question which would involve going behind a judgment of conviction of an ordinance (§ 311 Birmingham City Code) which has never been held prima facie bad.

■ Since, under Palmer v. State, 170 Ala. 102, 54 So. 271, one not in custody, e. g., under bail, is not restrained, the court below properly granted the motion to strike.

■ It thus appears that there is no detention within the meaning of our law of habeas corpus. Palmer v. State, supra, and authorities therein. This being so, the proceeding has become moot and is due to be dismissed under Howard v. City of Bessemer, 269 Ala. 474, 114 So.2d 164.

Dismissed.

### On Rehearing

■ Both parties have moved for rehearing. The City's motion for rehearing was filed one day late and cannot be considered.

Shuttlesworth, on his part, argues that the form of the request should have been treated alternatively as a petition for writ of error coram nobis.

■ An appeal in habeas corpus can be alternatively treated by the Supreme Court or this court as an application for leave to proceed for coram nobis in a trial court. This was the mode of entry in Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

■ However, in view of the fact that appeal to this court (Shuttlesworth v. Birmingham, 41 Ala.App. 697, 130 So.2d 236) was rendered abortive, a coram nobis alternative in this case, is not available to Shuttlesworth as an original remedy.

In Ex parte Williams, 255 Ala. 648, 53 So. 2d 334, an original application for leave to proceed at nisi prius by way of coram nobis was denied because the Supreme Court, not having entertained an appeal, had no jurisdiction of a request for such leave. See also Ex parte Smith, 265 Ala. 60, 89 So.2d 694, and Ex parte Thomas, 270 Ala. 411, 118 So.2d 738.

On a purported appeal, Bland v. State, 272 Ala. 215, 130 So.2d 385, the record was stricken. Afterwards when an original application for leave to proceed in the circuit court was submitted, the Supreme Court, Ex parte Bland, 273 Ala. 449, 142 So.2d 872, per Merrill, J., said:

"* * * The State has filed a motion to dismiss the petition on the ground that this court does not have jurisdiction in this cause. The motion must be granted."

■ Nor can we consider the circuit court committed error in not treating the habeas corpus application as a petition for a writ of error coram nobis. Allen v. State, ante p. 9, 150 So.2d 399.

■ The writ in habeas corpus issues when one is in custody virtually as of right. This by reason of common law, stat-

ute and Constitution. The return to the writ is not a traverse of the petitioner's pleading but is the custodian's justification to the sovereign as represented by the court. The denial is not res judicata.

■ Coram nobis on the other hand strikes at a judgment with evidentiary matter outside the record. Hence, the petitioner must aver well and support the averments with clear, convincing and satisfactory affidavits to show his claim is just.

See People v. Shorts, 32 Cal.2d 502, 197 P.2d 330, for a statement of the petitioner's burden in coram nobis.

In the instant case there were before the circuit judge many exhibits of law but no sworn presentation of facts which would have prevented the original judgment.

After the applications for rehearing came in, Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 was decided: that a parolee of the Commonwealth of Virginia might seek habeas corpus "under 28 U.S.C. § 2241." Concededly, custody was notional rather than physical. Significant restraints of liberty beyond those common to the general public were listed: (1) community, (2) dwelling, (3) job, (4) motoring, (5) company, (6) hours, (7) advice, (8) honesty, (9) temperance. These restraints or their relaxation were attributable to the Commonwealth.

Here, Shuttlesworth's being out of jail is the product of a Federal court's taking him from a state (city) jail.

In Accardo v. State, 39 Ala.App. 453, 102 So.2d 913, we adopted a physical basis for habeas corpus. There Accardo's being in a Federal prison put him beyond the reach of the state courts to seek habeas corpus. Shuttlesworth, like Saint Paul, has claimed to be judged not by us but by another Caesar.

■ We consider habeas corpus under Alabama practice is not available in a State court to one on bail granted by a Federal court. The discretionary writ of certiorari is available. Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722. But the scope of review on certiorari, even if the circuit court chose to entertain the petition, would not reach the claimed error which led to the original judgment. The original judgment is regular on its face.

■ On original submission, the City moved for dismissal because of the failure to get the record to this court in thirty days after judgment. This is mandatory under Code 1940, T. 15, § 369, as amended. If the cause were not moot, this statute would furnish an additional ground for dismissal. State v. Patton, 36 Ala.App. 539, 60 So.2d 383; Phillips v. State, 40 Ala.App. 698, 122 So.2d 551.

Should our view of mootness's preempting all other grounds for dismissal be not well taken, the City's motion grounded on noncompliance with § 369, supra, is well taken. While this is a conditional statement of reason, yet we consider it to fall within the rule of bifurcate ratio decidendi enunciated by Mr. Justice Simpson in Usher v. Dept. of Industrial Relations, 261 Ala. 509, 75 So.2d 165, and Harden v. United States Fidelity & Guaranty Co., 267 Ala. 321, 101 So.2d 302. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524.

Application overruled.