155 So.2d 322

**Charles W. WILLIAMS**

v.

**STATE.**

**7 Div. 700.**

Court of Appeals of Alabama.

April 23, 1963.

Rehearing Denied June 18, 1963.

Charles W. Williams, pro se.

Richmond M. Flowers, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant, Charles W. Williams, who, according to his petition, is on parole from the Alabama State Penitentiary where he was incarcerated under a judgment of conviction by the Shelby County Circuit Court for the offense of first degree murder, maintains this appeal from a judgment from the Circuit Court of Talladega County denying his petition for a writ of habeas corpus to G. Preston Bryant, Parole Supervisor of the Huntsville, Alabama, Probation Office.

██ Habeas corpus is not a state court remedy available to a parolee in Alabama, who is not otherwise under detention.

"It should always be borne in mind that the applicant for the writ of habeas corpus is not entitled to the writ unless he is actually restrained of his liberty. * * * Mere moral restraint (such as a military arrest, confinement to quarters, or parole, for example), as distinguished from actual confinement, is generally insufficient to warrant issuance of the writ. * * *" Habeas Corpus, State and Federal, Judge Walter B. Jones, The Alabama Lawyer, Oct., 1952, p. 384.

"An actual or physical restraint, and not a mere moral one, is necessary to warrant interference by habeas corpus; but any restraint which precludes freedom from action is sufficient, and actual confinement in jail is unnecessary. Persons under bail are not restrained of their liberty, so as to be entitled to a discharge on habeas corpus." Palmer v. State, 170 Ala. 102, 54 So. 271. Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734, reh. den. Feb. 19, 1963.

" * * * it seems that, as a general rule, a person placed on parole is not

considered as being restrained of his liberty to such a degree as to be entitled to the benefit of the writ of habeas corpus. * * * Ex parte Davis (1915) 11 Okla Crim Rep 403, 146 P 1085; Ex parte Kirk (1919) 16 Okla Crim Rep 722, 185 P 706; Ex parte Cindle (1941) 71 Okla Crim Rep 135, 109 P(2d) 519; Re Whisenhuit [Whisenhunt] (1942) 75 Okla Crim Rep 313, 131 P(2d) 134; Ex parte Dumas (1939) 137 Tex Crim Rep 524, 132 SW(2d) 883." 148 A.L.R. 1244. Parolee's right to habeas corpus, 148 A.L.R. 1243.

Jones v. Cunningham, 371 U.S. 236, 83 S. Ct. 373, 9 L.Ed.2d 285, which deals only with 28 U.S.C., Section 2241, does not apply here.

The judgment of the lower court is due to be and the same is hereby

Affirmed.