168 So.2d 491

Marvin **ROBINSON** et al.

v.

**STATE.**

**7 Div. 747.**

Court of Appeals of Alabama.

Oct. 6, 1964.

Rehearing Denied Oct. 27, 1964.

Oscar W. Adams, Jr., Birmingham, for appellants.

Richmond M. Flowers, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from denial of a petition for habeas corpus to examine the cause of petitioners' detention on a contempt citation for breach of an injunction against lying down in the streets of Gadsden and other obstructive acts.

### I.

In habeas corpus appeals, Code 1940, T. 15, § 369(d), amended, dispenses with the need for a bill of exceptions or assignments of error. Nor is a brief required. Alexander v. State, 41 Ala.App. 684, 149 So.2d 467.

Although the transcript was filed late, the Attorney General, by not citing tardiness, has waived this ground of dismissal. Smith v. Stewart, 41 Ala.App. 385, 133 So.2d 509. All decisions such as Patton v. State, 36 Ala.App. 539, 60 So.2d 383, appear to rest (for dismissal of the appeal) on a motion of the appellee rather than one coming from the court sua sponte.

### II.

The State has cited the fact that appellants were out on bail at the time of the taking of the appeal as the basis for dismissal.

However, the status of the petitioner on the date of the judgment appealed from is determinative as to whether there exists the physical restraint our cases refer to. Code 1940, T. 15, Ch. 1, particularly § 22.

The factual basis to support mootness is unlike that relied on in Ex parte McMillan, 15 Ala.App. 571, 74 So. 396—a matter within judicial knowledge. Rather the State has sought here to go outside the record by using an affidavit of the sheriff dated 83 days after final judgment. Readily, Palmer v. State, 170 Ala. 102, 54 So. 271, Free v. State, 34 Ala.App. 127, 37 So.2d 149, Shuttlesworth v. State, 42 Ala.App. 34, 151 So. 2d 734, and Williams v. State, 42 Ala.App. 140, 142, 155 So.2d 322, 323, distinguish themselves from the instant case wherein the record shows a detention by the sheriff at all pertinent times.

Hence, the motion to dismiss is not well taken.

### III.

June 17, 1963, the Circuit Court of Etowah County issued, on a petition of the Attorney General verified by the sheriff, a temporary order enjoining and restraining Robinson and others from:

(1) breaching the peace;

(2) blocking, by great numbers or by holding hands, the entrances and aisleways to business establishments in the City of Gadsden;

(3) blocking (in the same manner) the public streets or sidewalks of the City of Gadsden and Etowah County;

(4) blocking said places by lying down, or any other method of blocking said places;

(5) interfering with the normal flow of inter and intra city and state commerce;

(6) interfering [as in (5) above] by holding hands in such fashion and number as to form a human chain;

(7) interfering [as in (5) above] by lying down on the sidewalks and streets in front of and in the aisles of said stores and business establishments; and

(8) interfering with the normal flow of inter and intra city and state commerce in

anywise, pending determination of the case of Joseph Faulkner, et al. v. The City of Gadsden, No. 1271, in the U. S. District Court for the Northern District of Alabama, Middle Division.

*Provided* that nothing in said order "shall be interpreted to restrict or enjoin said parties or their associates from peacefully walking in single or double file the streets of said city and county, (in an orderly fashion.)"

The next day the restraining order on the State's petition was amended also to enjoin Robinson and others from:

(9) sitting or remaining on the premises of any business establishment or private place after being requested to leave or vacate said premises by the owner or proprietor, his agent, servant or employee in possession of said establishment or private place; and

(10) sitting or remaining on the premises of any business establishment or private place after being requested to leave [as in (9) above] which interferes with the normal flow of inter and intra city and state commerce.

The writs issued in consequence of these orders were served on Robinson. No question seems to be made of the petitioners not knowing of the injunction.

This court is here reviewing the denial of a writ of habeas corpus sought from a circuit judge at law and is not reviewing the proceedings of the circuit judge sitting as a court of equity.

■ In such appeals, our jurisdiction is confined to a determination, *first*, as to whether or not there is credible evidence of any sort to support the court which found the defendant guilty of contempt; and, *second*, which in turn is somewhat wrapped up in the first aspect, whether or not the court has exceeded its jurisdiction. Robertson v. State, 20 Ala.App. 514, 104 So. 561, is the landmark case. See also Local #612, International Brotherhood of Teamsters v. Bowman Transportation, Inc., 276 Ala. 563, 165 So.2d 113.

■ Habeas corpus originates on petition, but the issues are formed by the terms of the writ issued upon the petition, the return of the custodian and any traversing matter. Code 1940, T. 15, § 22.

In the instant case, the sheriff filed no written return. Instead, the petitioners were held pursuant to a verbal order of attachment which the circuit judge had authorized on the issuance of the temporary restraining order: that is, he told the sheriff to arrest anybody who violated the temporary injunction. All of the petitioners were incarcerated pending a hearing.

Code 1940, T. 15, § 27, reads as follows:

"No court, or judge, on the return of a writ of habeas corpus, has authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted, * * *."

■ In Hunter v. State, 251 Ala. 11, 37 So.2d 276, the opinion points out that a constructive contempt [1] can be begun by the issuance of a warrant of arrest or by citation to show cause. If the contempt proceeding is begun by warrant of arrest, it must be under an affidavit showing probable cause. Const.1901, § 5.

If there is a rule nisi, then the cited party is entitled to a hearing and is not in

---

1. From Brickell, C. J. (dissenting on another point) in Ex parte Hardy, 68 Ala. 303, at 328: " * * * If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit of the opposite party, the process is civil, and he stands committed until he obeys the order. In such case the order is not punitive,—it is simply coercive. When the contempt consists in his doing a forbidden act, injurious to the opposite party, the process is criminal, and the conviction is followed by a fine, or a penalty, or imprisonment, or both, and is purely punitive. * * *" See also United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884.

contempt before adjudication. Hence, he is not subject to commitment beforehand.

As we construe the process employed here, the petitioners were informally cited by the sheriff to show cause why they should not be adjudged in contempt of court. This, of course, is a charge of criminal contempt based upon a past act and does not evoke the civil rule of confinement until the contemnor purges himself. See Boyd v. State, 42 Ala.App. 183, 158 So.2d 116. But, as we understand the meaning of § 27, supra, the mere action of the sheriff in taking petitioners into custody does not rise to the solemnity of the order, judgment, decree or process of the court, nor does it, without a judicial hearing, amount to a commitment [2] for contempt within the meaning of said § 27. The circuit judge could not make an anticipatory finding of contempt.

Under the separation of our courts, the habeas corpus hearing could not be made the occasion for the equity court to find the petitioner guilty of contempt.

The rule nisi dated June 21 was based on the State's verified petition of that date served June 24, 1963, the date of filing of the habeas corpus petition and of the issue of the writ.

This citation failed to specify the amount of bail pending the hearing. Since this charge was of a criminal contempt, it was bailable before conviction under Const.1901, § 16.

Under the doctrine enunciated in Hunter v. State, supra, we consider it necessary under § 5 of the State Constitution that the judgment below be

Reversed and remanded.

2. Before the abolition of the distinction between law and equity in England, the order of a court for the commitment of a defendant was a proper remedy of a breach of an order to abstain from doing a certain thing. D. v. A. & Co., (1900) 1 Ch. 484, 487. The committal being consequent upon a hearing is carried out by the officer of the court in attendance at the hearing as distinguished from a writ of attachment sued out by an individual harmed by a violation of an injunction. The attachment, as in the case of other writs, is directed to the sheriff. In re Evans (1893), 1 Ch. 252, at 259n. Brickell, C. J., in the Hardy case, supra, cites Ex parte Thurmond, 1 Bailey (S.C.) 605, for a definition.