171 So.2d 104

### Ex parte Delmar E. CARPENTER.

### 3 Div. 166.

Supreme Court of Alabama.

Jan. 21, 1965.

Delmar E. Carpenter, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Justice.

Delmar E. Carpenter, a convict in Kilby Prison, has filed a petition in this court

**398**

which he entitles "A Petition for a Writ of Habeas Corpus." This petition does partake largely of a petition for habeas corpus though in his prayer he seeks relief which could be deemed in the nature of a petition for a writ of mandamus.

The Attorney General has filed a motion to strike the petition, and takes the view that it is an original petition for habeas corpus. Certainly, there are many reasons why the Attorney General should hold this view. If the petition be considered as an original petition for habeas corpus, the numerous grounds upon which the Attorney General's motion to strike the petition are based are valid, and the motion should be granted. See Ex parte Glisson, 275 Ala. 392, 155 So.2d 348; Griffin v. State, 258 Ala. 557, 63 So.2d 682; Ex parte Bland, 273 Ala. 449, 142 So.2d 872.

If, by the most liberal construction, this petition be regarded as a petition for a writ of mandamus to be directed to the Judge of the Circuit Court of Escambia County, Alabama, the petition is likewise due to be dismissed. We have before us a copy of the judgment rendered on the 17th day of November 1964, by the Hon. A. H. Elliott, Judge of the Circuit Court of Escambia County, which shows that on that day a hearing was had on this petitioner's writ of error coram nobis. This judgment entry shows that this petitioner had been convicted in the Circuit Court of Escambia County of assault with intent to murder, burglary in the second degree, and grand larceny. The judgment in the coram nobis proceeding recites the following:

"It appearing to the Court from the records available that there is a possibility that all of the offenses charged in these cases grew out of the same act.

"It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the judgment stand in Case No. 2559—Assault with intent to murder and that a new trial be granted in Cases No. 2560—Burglary in the Second Degree and Case No. 2561—Grand Larceny."

Therefore, if this petition be viewed as one seeking a writ of mandamus, it has been rendered moot by the hearing and judgment entered in the coram nobis proceedings had and entered on 17 November 1964.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.