BOOKOUT, Judge.
On November 17,1980, the appellee, Lula Mae McCurley, filed a petition for writ of habeas corpus in the Circuit Court of Mobile County. The petition alleges that on September 21, 1978, the appellee had been convicted for selling pentazocine (also known as Talwin), was sentenced to five years’ imprisonment, which sentence was suspended, and appellee was placed on probation for five years. A fine of $5,000.00 and court costs in the amount of $307.70 were also assessed against appellee which she paid.
The habeas corpus petition also alleges that appellee is presently awaiting resen-tencing on a subsequent conviction for possession of controlled substances, and the September 21, 1978, conviction, supra, will be used as a prior conviction (to enhance the punishment) if not set aside. Appellee *1235 alleges that such prior conviction is null and void because pentazocine (Talwin) was held to have been added to the controlled substance list in an unconstitutional manner per Ex parte McCurley, Ala., 390 So.2d 25 (1980).
After due return to the writ was made, a hearing was held thereon, and the trial court issued the writ thereby (1) vacating the prior conviction in question and (2) ordering that the fine and court costs be repaid to the appellee. The State has appealed to this court challenging the authority of the trial court to grant the above relief.
I
Generally, the writ of habeas corpus is not available to persons not in custody such as on parole, on bail, or where the sentence is prospective only. Williams v. State, 42 Ala.App. 140, 155 So.2d 322 (1963); Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734 (1962); Magee v. State, 42 Ala.App. 71, 152 So.2d 443 (1963).
However, a writ of habeas corpus may issue against a judgment which is void on its face for want of jurisdiction. State v. Baker, 268 Ala. 410, 108 So.2d 361 (1959); Hable v. State, 41 Ala.App. 398, 132 So.2d 271 (1961); Argo v. State, 41 Ala.App. 347, 133 So.2d 201 (1961). Habeas corpus will lie where the invalidity of the prior court judgment shows on its face some fundamental illegality. Thomas v. State, 40 Ala.App. 697, 122 So.2d 535 (1960). If the invalidity of a judgment does not show on the face of the record proper (the indictment, judgment, etc.), but must be established by parol testimony, habeas corpus will not lie, but instead the common writ of error coram nobis is the remedy. Wiman v. Argo, 308 F.2d 674 (5th Cir. 1962), cert. denied, 371 U.S. 933, 83 S.Ct. 306, 9 L.Ed.2d 270.
In the instant case the prior record proper discloses that the petitioner was convicted for the “Sale of Pentazocine.” The Supreme Court of Alabama has held that pen-tazocine (Talwin) was not properly classified as a controlled substance by the State Board of Health and cannot constitute the basis for a criminal charge. Ex parte McCurley, supra.
No parol testimony was necessary in the instant case to establish the lack of jurisdiction as to the offense in the prior case. The courts of this state take judicial notice of the laws and statutes of the state. Thagard v. Brock, 282 Ala. 262, 210 So.2d 821 (1968). Pentazocine (Talwin) was not a controlled substance, and its possession or sale was therefore not illegal. A charge based on the sale of pentazocine was not an offense and was not a charge which would confer criminal jurisdiction upon the circuit court. Therefore, the prior judgment shows on its face a conviction for conduct which does not constitute a public offense and is thus void and subject to challenge by way of a writ of habeas corpus.
II
We find no authority for the trial court to order the state to repay to the petitioner the fine and court costs paid in the prior case in question. The order of the trial court amounts to a money judgment against the state and in our opinion violates Article I, § 14, Constitution of Alabama 1901.
Cases set out in annotations to Article I, § 14, supra in Vol. I, Code of Ala.1975, are legion to the effect that the state’s sovereign immunity is virtually complete and almost invincible. Sanders Lead Co. v. Levine, 370 F.Supp. 1115 (M.D.Ala.1973); Hutchinson v. Board of Trustees of Univ. Ala., 288 Ala. 20, 256 So.2d 281 (1971). Article I, § 14, supra, even prevents actions against the state to obtain refunds of taxes erroneously paid into the state treasury. Haden v. Lee’s Mobile Homes, Inc., 41 Ala.App. 376, 136 So.2d 912 (1961); Raible Co. v. State Tax Commission, 239 Ala. 41, 194 So. 560 (1939).
As suggested in Hutchinson, supra, the only relief available to persons such as the instant petitioner would be a “relief bill” by the legislature or a claim filed with the State Board of Adjustment per § 41-9-60, et seq., Code of Ala.1975.
*1236 The order of the trial court vacating the appellee’s prior conviction and sentence in Case No. CC-77-001286 is hereby affirmed; however, the order of the trial court mandating repayment to the appellee of the fine and court costs is reversed and the cause is remanded for judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All the Judges concur.