HOLMES, Judge.
Appellant, Nathaniel Bryant, petitioned the Circuit Court of Montgomery County for a writ of habeas corpus. A hearing on the petition was held on September 15, 1981. After hearing the evidence, the trial court denied Bryant’s petition.
Bryant appeals to this court from the denial of his petition for a writ of habeas corpus. We affirm the decision of the trial court.
The record reveals the following: Bryant and his wife were divorced in 1978. The divorce decree, among other things, required Bryant to pay thirty-five dollars each week for the support of the parties’ minor child.
In March, 1981 Bryant’s former wife instituted contempt proceedings against him. She alleged that as of March 27, 1981 Bryant’s child support payments were $4,400 in arrears. A hearing was held on April 22, 1981 for the purpose of determining whether Bryant should be held in contempt for failure to pay child support. After considering the evidence presented at the hearing, the trial court found Bryant was $4,415 in arrears and ordered him to pay $150 per month until the arrearage was eliminated. The court stated that it would review the decree some four months later to determine if compliance was being effected.
On August 26, 1981 the trial court reviewed its April 22 order to determine if there had been compliance. The trial court found that Bryant had not complied with the April 22 order and ordered him confined to jail and subsequently released into the custody of the Montgomery County Restitution Center. While at the Restitution Center Bryant would be allowed to continue to work and make current payments of child support and additional sums that would be applied toward the reduction of his arrear-age.
In September, 1981 Bryant petitioned the trial court for a writ of habeas corpus. In support of his petition Bryant alleged that he was being held in the custody of the Restitution Center for contempt of court in failing to pay child support. He further alleged that his income and assets were insufficient to satisfy the child support ar-rearage and he was therefore unable to purge himself of contempt. Consequently, he contended that he was being held in violation of the Constitution of the United States and the Constitution of the State of Alabama.
A hearing on the petition was held on September 15, 1981. Bryant was the only witness at the hearing and his testimony was generally limited to his present income and assets and his previous child support payment record. The trial court, after hearing the evidence, denied appellant’s petition. In so doing it noted in the order that involvement at the Restitution Center was voluntary in nature.
Appellant Bryant appeals to this court from the denial of his petition. The issue before us is whether the trial court abused its discretion in denying the habeas corpus petition. We hold that it did not and affirm.
The court of appeals in Phillips v. State, 40 Ala.App. 698, 701, 122 So.2d 551, 553 (1960), described the writ of habeas corpus *89 as “a high prerogative writ of ancient origin designed to obtain immediate relief and release from unlawful imprisonment.” See Stinson v. State, 43 Ala.App. 257, 188 So.2d 287, cert. denied, 279 Ala. 691, 188 So.2d 288 (1966); Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734 (1962), cert. denied, 275 Ala. 698, 151 So.2d 738 (1963). The writ will not lie unless the appellant’s liberty is actually restrained. Williams v. State, 42 Ala.App. 140, 155 So.2d 322, cert. denied, 275 Ala. 702, 155 So.2d 323 (1963).
It is apparent from the record and order that, in this case, appellant’s liberty was not restrained. We reach this conclusion based upon statements made at the hearing relating to the voluntariness of participation with the Restitution Center along with the trial court’s statements in its order denying appellant’s petition that appellant’s participation was voluntary. We note also that appellant offered no evidence that his participation was other than voluntary and does not appear to contend otherwise. It is axiomatic that if appellant was at the Restitution Center voluntarily and participated in its program voluntarily, appellant’s liberty was not restrained.
Our conclusion that Bryant was not deprived of his liberty is not changed because the contempt order of August 26 specifically required the appellant to be confined to jail and then released into the custody of the Restitution Center. Though the record does not specifically so state, it is apparent, in light of the above discussion, that some agreement regarding the Restitution Center was reached with appellant before the contempt order was issued.
In summary, we hold that appellant Bryant’s participation with the Restitution Center was voluntary. Consequently, his liberty was not being restrained. Therefore, a writ of habeas corpus does not lie and the trial court properly so held.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.